IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| **SETHI PETROLEUM, LLC and SAMEER P. SETHI,** | § § § | Case No.: |
| **Defendants** | § § | |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") files this Complaint against Defendants Sethi Petroleum, LLC ("Sethi Petroleum") and Sameer P. Sethi. ("Sethi") (collectively, "Defendants") and would respectfully show the Court as follows:

## I.
## SUMMARY

1. From at least January 2014 to the present, Defendants carried on a fraudulent scheme and made materially false and misleading statements and omissions to potential and actual investors in order to offer and sell securities in the Sethi-North Dakota Drilling Fund-LVIII Joint Venture ("NDDF").

2. Through the fraudulent NDDF offering, Defendants raised more than $4 million from approximately 90 investors located in 28 states. In offering documents, Sethi Petroleum's website, and other communications with investors, Defendants, among other things:

- falsely represented that 70% of their investment funds would be used to acquire, drill, and complete 20 oil and gas wells, of which NDDF would own approximately 62.5% "net working interest;"

- falsely represented that investors could expect annual returns as high as 30-60% or more;

- falsely represented to investors that Sethi Petroleum was partnered with "major oil and gas companies" such as Continental Resources, Exxon Mobil, Hess Corporation, and ConocoPhillips; and

- falsely represented to investors Sethi's business background and inadequately disclosed Sethi's history of criminal incarceration and state regulatory actions against Sethi Petroleum and Sethi.

3. Instead of using NDDF investors' funds to acquire interests in oil and gas wells in the expected proportions, Defendants used the majority of investors' funds to pay themselves their salesmen, and employees of Sethi Petroleum's parent company.

4. Based on these intentional misrepresentations and conduct alleged below, Defendants have offered and sold – and are continuing to offer and sell – securities in violation of the antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder. Additionally, Defendant Sethi violated Sections 20(b) of the Exchange Act and is liable as a control person under Section 20(a) for Sethi Petroleum's primary violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Unless Defendants are enjoined by the Court, they will continue to fraudulently offer and sell securities in violation of federal law.

5. To protect the public from any further fraudulent activity and harm, the Commission brings this action against Defendants seeking: (i) temporary emergency and preliminary relief; (ii) permanent injunctive relief; (iii) disgorgement of ill-gotten gains resulting

from Defendants' violations of federal securities laws; (iv) accrued prejudgment interest on those ill-gotten gains; and (v) civil monetary penalties.

## II.
## JURISDICTION AND VENUE

6. Defendants offered and sold purported oil and gas joint venture interests, which investments constitute securities, and/or did offer and sell investment contracts, under Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)].

7. The Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. §§ 78u(d)].

8. This Court has jurisdiction over this action under Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa] because Defendants directly or indirectly made use of the means or instrumentalities of commerce and/or the mails in connection with the transactions described herein. Venue is proper under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because certain of Defendants' acts, practices, transactions, and courses of business alleged herein occurred within this judicial district.

## III.
## DEFENDANTS

9. Sameer P. Sethi, age 33, resides in Murphy, Texas. Sethi is the President and sole Managing Member of Sethi Petroleum. He was convicted of aggravated assault in Collin

County, Texas and incarcerated from June 2006 through January 2009. In 2010, Sethi and Sethi Petroleum, LLC's predecessor were permanently enjoined from engaging in unregistered and fraudulent offerings in the State of Colorado in a civil action brought by the Colorado Securities Commissioner.

10. Sethi Petroleum, LLC, f/k/a Sameer P. Sethi Financial Group and Sethi Oil & Gas Inc. ("Sethi Petroleum Predecessors") was formed in 2003 and is a Texas limited liability company located and doing business in Plano, Texas. Sethi Financial Group, Inc. owns 100% of the capital stock of Sethi Petroleum. Sethi Oil & Gas, Inc. was ordered to cease and desist from offering and selling unregistered securities in Pennsylvania in 2006 and Colorado in 2009.

## IV.
## FACTS

### A. DEFENDANTS OFFERED AND SOLD SECURITIES IN CONNECTION WITH AN OIL AND GAS INVESTMENT PROGRAM.

11. From at least January 2014, Sethi Petroleum has offered and sold securities in the form of purported joint venture ("JV") interests in NDDF, representing that investors will profit from the sale of oil and gas and obtain tax benefits offsetting income from other sources.

12. Defendants represent to prospective investors that the program will include purchasing "net working interests" amounting to 62.5% of up to 20 wells in the Bakken Shale and Three Forks formations located in the Williston Basin of North Dakota, South Dakota, and Montana.

13. Defendants market the purported "joint venture" interests, and all investors were required to sign a joint venture agreement ("JVA") appointing Sethi Petroleum as NDDF's "managing venturer." While the JVA empowers Sethi Petroleum to manage NDDF's daily operations, certain actions require a majority vote of NDDF investors. In practice, NDDF

investors are not, and have never been, consulted by Sethi Petroleum before such actions and their voting power is illusory.

14. Defendants represent that they plan to raise $10 million from investors to purchase these interests. They began raising funds from NDDF investors in or about January 2014.

15. By mid-April 2015, Defendants had raised over $4 million from approximately 90 NDDF investors in at least 28 states, marketing the investments through a boiler room where a salesforce of 20 people, armed with sales scripts, cold-called prospective investors using purchased lead lists. The NDDF offering is still open for new investment and Defendants obtained new NDDF investment funds as recently as March 2015. Sethi regularly visits the boiler room, providing sales tips to sales staff and providing specific sales misrepresentations.

B. **DEFENDANTS MAKE MATERIAL MISREPRESENTATIONS AND OMISSIONS IN CONNECTION WITH THE OFFER, PURCHASE, AND SALE OF SECURITIES IN NDDF.**

16. Among their promotional materials, Defendants created a private placement memorandum ("PPM") and an Executive Summary for the NDDF program (collectively, the "Offering Documents") and provided them to potential investors. Defendants' Offering Documents contain materially false and misleading statements and omissions.

17. Additionally, as stated above, Defendant Sethi personally directs salespeople to make materially false and misleading statements and omissions in soliciting investors in the NDDF project.

   1. **Misrepresentations Regarding Use of Investor Proceeds and the Scope of the NDDF Investment**

18. The Offering Documents represent that 70% of funds received from investors will be used to acquire, drill, and complete up to 20 oil and gas wells. In reality, Defendants have

used only 23.5% – about $950,000 – of the over $4 million raised from NDDF investors to acquire, drill, and complete wells.

19. The Offering Documents also represent that Sethi Petroleum will take 25% of the funds contributed by investors in connection with "Syndication," "Administration," and "Management" of the venture. In reality, Sethi Petroleum has already spent more than 76.4% – over $3.1 million – the majority of which are undisclosed or unapproved expenditures such as $577,000 paid directly to Sameer and Praveen Sethi, $1.1 million to pay salaries at Sethi Financial Group, and $1.04 million paid to sales employees.

20. In the PPM, Defendants represent that Sethi Petroleum will not commingle NDDF investors' funds with Sethi Petroleum, its affiliates, or any other joint venture in which Sethi Petroleum participates. In reality, Defendants commingled NDDF investors' funds with Sethi Petroleum's operating fund, apparently spending NDDF investors' funds on various items unrelated to the NDDF program.

21. Defendants also falsely represent in Offering Documents that any commissions paid to Sethi Petroleum's salesmen will be deducted from Sethi Petroleum's one-time 25% management fee. Sethi Petroleum has not, in fact, deducted sales commissions from its management fee and the combined total of sales commissions and Sethi Petroleum's management fee greatly exceeds the 25% represented to NDDF investors.

22. The Offering Documents also falsely state that the program will be a "10 million dollar fund that will acquire approximately 400 acres and will participate in the drilling of 20 wells or a number of wells that will result in the fund owning approximately 62.5% net [working interest] in oil producing wells . . . ." In truth, NDDF investors own between 0.15% and 2.5% interests in only eight wells, two of which were never drilled.

23. In late 2014, Sameer Sethi directed Sethi Petroleum's sales staff to tell potential investors that NDDF already owned an interest in twelve wells with more to come. This was false, as Sethi Petroleum only purchased minimal interests in eight wells on behalf of NDDF, which purchase it later sued to rescind.

### 2. Misrepresentations Regarding Industry "Partnerships" and Performance of NDDF Wells

24. Sethi Petroleum's cold call script reads, "[w]e're partnered directly with a couple of HUGE, PUBLICLY traded companies like Conoco Phillips, Continental, GMXR just to name a few. We are working directly with these major companies." Similarly, Sethi Petroleum's website features logos for Exxon, Hess, and other major companies as affiliates of the company. Additionally, the PPM states that NDDF's wells will be "operated by publicly traded and/or major oil and gas companies." In reality, for NDDF, Sethi Petroleum acquired small working interests in just eight wells from an obscure private oil company in North Dakota that was reselling interests it had acquired elsewhere.

25. In late 2014, Sethi Petroleum's sales staff, at the direction of Sameer Sethi, told potential investors that NDDF already owned interests in twelve wells which were producing a total of one million barrels per month. Those statements were false. As stated above, Sethi Petroleum purchased interests in only eight wells for NDDF – two of which were not drilled. 2015 production reports reveal that NDDF's wells produced a combined total of 9,147 barrels of oil in January, 13,995 barrels in February, and 12,357 barrels in March – a far cry from the one million barrels per month claimed by Defendants. Worse, those misrepresentations were made after Defendants filed a lawsuit in September 2014 to rescind NDDF's purchase of those few working interests – the only oil and gas assets in the NDDF. *See North Dakota Drilling Fund 58 v. Irish Oil and Gas, Inc.*, No. 3:14-CV-03336, in the United States District Court for the

Northern District of Texas (Dallas Division). Although Defendants sued on behalf of NDDF and have already spent over $40,000 litigating this still-pending claim, they have never informed NDDF investors of the litigation, its cost, or the possibility that, if NDDF prevails, the program will own no oil and gas interests.

26. In late 2014, Sethi Petroleum's sales staff, at the direction of Sameer Sethi, told potential investors that they could expect annual returns as high as 30-60% or more. The sales staff also told investors they could recoup their initial investment after a year-and-a-half of production. In reality, such returns were a patent impossibility because Defendants misappropriated the majority of investor funds and only purchased between 0.15% and 2.5% interests in eight wells.

27. Defendants further solicited potential NDDF investors through a January 2015 craigslist.org posting that claimed existing investors had already realized average returns of 30% to 50% per year. At the time of this posting, Defendants knew this claim to be false.

28. Additionally, in the NDDF Executive Summary, Defendants claims that "Sethi Petroleum's corporate governance policy is to quarterly deliver proclamation and proxy (P&P) notices to the investors so that they may remain up to date with recent activities as well as be involved in the decision making process of the North Dakota Drilling Fund-LVIII Joint Venture." In fact, Sethi Petroleum has never provided quarterly updates or voting opportunities to NDDF investors.

### 3. Misrepresentations and Omissions about Sameer Sethi's and Sethi Petroleum's Background

29. Defendants' NDDF PPM falsely claims that Sameer Sethi had managed Sethi Petroleum since the company was founded in 2003. This is false. Sethi was convicted of aggravated assault in Collin County, Texas and incarcerated from June 2006 through January

2009. And while NDDF's PPM mentions a "control person's" prior indictment on the last page of the 40-page PPM, it fails to identify Sameer Sethi by name or disclose the fact of his conviction and two-and-a-half year incarceration.

30. In NDDF's PPM, Defendants claim that Sethi was a "registered representative of FINRA (Financial Industry Regulatory Authority)." In fact, aside from misrepresenting the nature of FINRA registration, Sethi was never "registered" with FINRA or any FINRA member. Sethi was once employed for ten months by a registered broker-dealer, but was not a registered representative.

31. The PPM also falsely misrepresents Defendants' prior censure under Pennsylvania and Colorado Securities laws, merely stating that "[a] certain control person of the Managing Venturer has previously been alleged of violating the registration requirements in connection with marketing investments in oil and gas ventures in the states of Colorado and Pennsylvania. These matters were settled with minimal litigation."

32. In fact, On May 31, 2006, the Pennsylvania Securities Commission ordered a Sethi Petroleum Predecessor and Praveen Sethi, Sameer Sethi's father, to cease and desist offering and selling unregistered securities in the state.

33. Then in 2009, Sethi and a Sethi Petroleum predecessor agreed with the Colorado Division of Securities to cease and desist selling unregistered securities in Colorado. Nevertheless, in 2010, the Colorado Securities Commissioner filed a civil injunctive action alleging that Sethi and the Sethi Petroleum predecessor were continuing to solicit Colorado investors to participate in a fraudulent unregistered offering in violation of the 2009 cease and desist order. On May 29, 2010, Sethi and the Sethi Petroleum predecessor agreed to be permanently enjoined from engaging in unregistered and fraudulent offerings in Colorado.

C. **DEFENDANTS CARRIED OUT A SCHEME TO DEFRAUD INVESTORS.**

34. To persuade investors, Defendants are engaged in a practice and course of business that consists of making the untrue statements and omissions of material facts alleged above, concerning the nature of Sethi Petroleum's business, Sameer Sethi's experience, their historical experience and success, anticipated well production, and the amount of investment returns investors can expect to realize through the NDDF program. These misrepresentations and omissions are not the only acts Defendants have taken in furtherance of their scheme.

35. In addition, Defendants are engaged in a practice and course of business of misusing investor proceeds for their own purposes and benefits including paying commissions, covering non-NDDF expenses, and personally siphoning funds from the NDDF investment.

36. Moreover, Defendants are failing to act as promised in their NDDF Offering Documents because they did not use 70% of investor funds to acquire 62.5% "net working interest" in wells and drill and operate said wells as they represented they would. Instead, they have diverted investors' funds to other uses and acquired only a tiny fraction of the working interests they promised to obtain, which interests they have sued to undo.

## V.
## CLAIMS FOR RELIEF

### FIRST CLAIM
### Violations of Section 17(a) of the Securities Act
### (against Sethi Petroleum and Sameer Sethi)

37. The Commission repeats and re-alleges Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. By engaging in the conduct described herein, Defendants directly or indirectly, singly or in concert, in the offer or sale of securities, by use of the means and instrumentalities of interstate commerce or of the mails:

(a) employed devices, schemes or artifices to defraud;

(b) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

39. With regard to their violations of Section 17(a)(1) of the Securities Act, Defendants acted intentionally, knowingly or with severe recklessness with respect to the truth. With regard to their violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act, Defendants acted at least negligently.

40. By engaging in this conduct, Defendants violated, and unless enjoined will continue to violate, Section 17(a) of the Securities Act [15 U.S.C. §§ 77q].

## SECOND CLAIM
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder
(against Sethi Petroleum and Sameer Sethi)

41. The Commission repeats and re-alleges Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

42. By engaging in the conduct described herein, Defendants directly or indirectly, singly or in concert, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of securities, knowingly or recklessly:

(a) employed devices, schemes, and artifices to defraud;

(b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; and

(c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities and upon other persons.

43. Defendants engaged in this conduct intentionally, knowingly or with severe recklessness with respect to the truth.

44. By engaging in this conduct, Defendants violated, and unless enjoined will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### THIRD CLAIM
### Control Person Liability Under Section 20(a) of the Exchange Act
(against Sameer Sethi)

45. The Commission repeats and re-alleges Paragraphs 1-36 of the Complaint as if fully set forth herein.

46. Defendant Sethi Petroleum violated and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder as alleged above.

47. At all relevant times, Defendant Sameer Sethi directed and controlled Sethi Petroleum's management and policies, including the conduct of its other representatives, and was a controlling person of Sethi Petroleum and its representatives under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)]. Defendant Sameer Sethi was a culpable participant in the fraudulent conduct described above and knowingly or recklessly induced many of the material misrepresentations and misstatements alleged herein.

48. Defendant Sameer Sethi is liable as a controlling person under Section 20(a) of the Exchange Act for Sethi Petroleum's violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and unless enjoined will again violate this provision and rule.

## FOURTH CLAIM
### Violations of Section 20(b) of the Securities Exchange Act
(against Sameer Sethi)

49. The Commission repeats and re-alleges Paragraphs 1-36 of the Complaint as if fully set forth herein.

50. By his conduct as alleged above, Sameer Sethi, directly and indirectly, acted through and used another person or entity to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

51. In acting through and using another person or entity to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Sameer Sethi acted intentionally, knowingly or with severe recklessness with respect to the truth.

52. By engaging in this conduct, Sameer Sethi violated, and unless enjoined will continue to violate, Sections 10(b) and 20(b) of the Exchange Act and Rule 10b-5 thereunder.

## VI.
## RELIEF REQUESTED

For these reasons, the Commission respectfully requests that the Court enter a judgment:

(a) Temporarily and permanently enjoining Defendants and their agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from violating, directly or indirectly Section 17(a) of the Securities Act [15 U.S.C. §§ 5 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b), 78t(a) and 78t(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and temporarily and permanently enjoining Defendant Sameer Sethi and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from violating,

directly or indirectly, Sections 20(a) and 20(b) of the Exchange Act [15 U.S.C. §§ 78j(b), 78t(a) and 78t(b)].

(b) Temporarily and permanently enjoining Defendants from directly or indirectly soliciting investors existing or potential investors to purchase or sell securities, provided however, that such injunction shall not prevent Defendant Sameer Sethi from purchasing or selling securities listed on a national securities exchange for his own personal accounts;

(c) Ordering Defendants to disgorge, jointly and severally, all ill-gotten gains and/or unjust enrichment realized by each of them, plus prejudgment interest;

(d) Ordering each Defendant to pay an appropriate civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(e) Retaining jurisdiction over this action to implement and carry out the terms of all orders and decrees that may be entered; and

(d) Granting all other relief to which the Commission may be entitled.

Dated: May 14, 2015

Respectfully submitted,

/s/ Matthew J. Gulde

MATTHEW J. GULDE
Illinois Bar No. 6272325
TIMOTHY L. EVANS
Texas Bar No. 24065211
United States Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Ph: 817-978-1410 (mjg)
Fax: 917-978-4927
guldem@sec.gov

COUNSEL FOR PLAINTIFF UNITED STATES
SECURITIES AND EXCHANGE COMMISSION

SEC v. Sethi Petroleum, LLC, et al.
Complaint

Page 14 of 14