**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| **Plaintiff**, | § § | |
| v. | § § | **Case No.:** 4:15-cv-338 |
| | § | Judge Mazzant |
| SETHI PETROLEUM, LLC and SAMEER P. SETHI, | § § | |
| **Defendants.** | § § | |

**MOTION TO CONFIRM RECEIVERSHIP ASSETS/ENTITIES**

The Court-appointed Receiver, Marcus Helt (the "***Receiver***") for Defendants Sethi Petroleum, LLC ("***Sethi Petroleum***") and Sameer P. Sethi ("***Mr. Sethi***") and all entities and assets Sethi Petroleum or Mr. Sethi owns or controls (collectively, the "***Receivership Defendants***" or "***Defendants***"), hereby files this *Motion to Confirm Receivership Assets/Entities* (the "***Motion***") and respectfully shows the Court as follows:

**I.
EXECUTIVE SUMMARY**

1.      Since the Receiver's appointment over the Receivership Estate (defined below), the Receiver has worked diligently to understand the business model used by the Sethi Petroleum and its related entities (collectively, the "***Sethi Enterprise***") and to collect, marshal, and take control over the Receivership Assets (defined below) pursuant to this Court's directives.  As part of that work, the Receiver has identified multiple entities, joint ventures, and investment vehicles owned, controlled, managed, or affiliated with the Receivership Defendants that could potentially provide value to the Receivership Estate and the stakeholders thereof.  The Receiver

believes that these entities, joint ventures, and investment vehicles are subject to and included in the Receivership Order (defined below).  But, in an attempt to provide comfort to third parties with whom the Receiver must deal, the Receiver files this Motion to ask this Court for such a "comfort" order.

## II.
## BACKGROUND

2.      On May 14, 2015, this Court issued an order appointing the Receiver (the "***Receivership Order***") as receiver over the all of the Receivership Defendants' assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to Sethi Petroleum) (collectively, the "***Receivership Assets***") and all books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones, personal digital devices, and other informational resources of or in possession of the [Receiver] Defendants (collectively, the "***Receivership Records***" and together with the Receiver Assets, the "***Receivership Estate***").  *See* Receivership Order at ¶¶ 1-2.

3.      The Receivership Order authorizes the Receiver to "immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate." *Id.* at ¶ 7.

4.      Over the days subsequent to the Receiver's appointment, the Receiver took control of and secured the Receivership Defendants' property and began reviewing financials and other documents relating to the Receivership Defendants' business operations.  The Receiver discovered that the Receivership Defendants own, control, manage, are members of, are joint venturers with, have formed or contemplated forming, or are otherwise closely affiliated with

numerous entities, joint ventures and investment vehicles.  For example, the Receiver has identified at least thirteen iterations of actual or contemplated investment vehicles that fit the description of what the Receivership Defendants referred to as "Joint Ventures."  The Receiver has not yet determined the legal character of those investment vehicles – that is, whether they are "ventures" or "partnerships" or simply "investment vehicles" – and refers to them herein as, individually, a "***Sethi-Controlled Joint Venture***" and, collectively, the "***Sethi-Controlled Joint Ventures***" simply for ease of reference.  Additionally, the Receiver has identified at least twenty-seven different actual or contemplated legal entities (individually, a "***Sethi-Controlled Entity***" and, collectively, the "***Sethi-Controlled Entities***").  The Sethi-Controlled Joint Ventures and the Sethi-Controlled Entities are identified in the *Declaration of Marcus A. Helt in Support of The Motion to Confirm Order Appointing Receiver* attached as **Exhibit A** hereto (the "***Helt Declaration***").

5.     Among other things and as described in the Helt Declaration, the Receiver has confirmed that each Sethi-Controlled Joint Venture and Sethi-Controlled Entity meets at least one, and often many, of the following criteria:

a.     Use of the same address as legal or mailing address;

b.     Common and interchangeable use of the same corporate name;

c.     Commingling of funds across multiple bank accounts;

d.     Common ownership;

e.     Sameer P. Sethi is president, director, manager, member, or exercises control;

f.     "For-deposit-only" stamps for bank accounts of numerous actual or contemplated entities each contained within the same location;

g.      Common use of Quickbooks accounting records;

h.      Secretary-of-State filings identifying employees/principals of Sethi Petroleum as registered agents;

i.      Sethi Petroleum is the general partner; and

j.      The Sethi Petroleum offices contain corporate records, financial records, assets, prospectuses and private-placement memoranda.

6.      As a result, the Receiver believes these entities to be part of the Sethi Enterprise. So, pursuant to the explicit terms of the Receivership Order, the Receiver believes that the Receivership Estate includes the Sethi-Controlled Joint Ventures and the Sethi-Controlled Entities (and the assets owned by those entities), because (a) they constitute entities and assets owned or controlled by the Receivership Defendants, (b) corporate formalities were entirely absent, and (c) the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities were collectively operated as a single unitary enterprise.  *See* Receivership Order at ¶ 1 (defining Receivership Defendants as the Sethi Petroleum, Mr. Sethi "and all entities and assets they own or control").

7.      In addition, the Receiver has spoken with legal counsel who may have formerly represented the Sethi-Controlled Joint Ventures and/or the Sethi-Controlled Entities.  Such counsel would like to cooperate with the Receiver with his investigation but insists on a (comfort) order from this Court expressly stating that such entities are subject to the Receivership Order and part of the Receivership Estate.  As a result, this Receiver files this Motion and asks this Court to enter an Order confirming that (a) the Receivership Estate includes the Sethi-Controlled Joint Ventures and the Sethi-Controlled Entities and (b) all powers vested in the Receiver by the Receivership Order apply to the Sethi-Controlled Joint Ventures and the Sethi-Controlled Entities.

### III.
### ARGUMENT & AUTHORITY

8.      A "district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *S.E.C. v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013). *See, e.g.*, *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir.1992) ("court has wide discretion to determine relief in an equity receivership."); *see also, SEC v. Stanford Int'l Bank Ltd.*, 424 Fed.Appx. 338, 340 (5th Cir.2011) ("It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions.").

9.      Courts have determined that the scope of a receivership includes the subsidiary of the parent company subject to the receivership. *See United States v. Petters*, No. CIV085348ADM/JSM, 2009 WL 1174668, at *2 (D. Minn. Apr. 29, 2009) *aff'd sub nom. United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824 (8th Cir. 2010). In *Petters*, the court appointed a receiver to freeze the assets of a limited liability company and a corporation. *Id.* at *1. The court found (without explaining) that the receiver's control extended to a wholly-owned subsidiary of the limited liability company: "The scope of the Receivership includes, *inter alia*, the corporate assets of PGW and PCI, as named defendants, as well as Polaroid, a wholly-owned subsidiary of PGW." *Id.* at *2. Thus, a receivership estate includes subsidiaries of the parent company held by the receiver.

10.     Courts have also confirmed that a receivership estate exists over additional entities when those entities constitute a "unitary enterprise" and consolidation of those entities serves "the public purpose of establishing an orderly mechanism to administer the assets of the Receivership Estate and implement an equitable mechanism to reduce the losses experienced by investors and creditors…." *See SEC v. Sunwest Mgmt., Inc.*, No. 09-6056-HO, 2009 WL

3245879, *8 (D. Or. Oct. 2, 2009) (finding that consolidation of entities into one receivership estate was warranted where commingling of investor funds was so "extensive" and "pervasive" so as to warrant a finding of unitary enterprise).  Another court has consolidated entities into the receivership estate when the entities were used as a "unified scheme to defraud."  *SEC v. Byers*, 637 F. Supp. 2d 166, 181 (S.D.N.Y. 2009).

11.     Here, the Receiver believes that the Receivership Estate includes the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities, and the Receivership Order requires the Receiver to collect, marshal, and take custody, control, and possession of all assets owned, controlled, or possessed by such ventures and entities, including bank accounts.  *See* Receivership Order at ¶ 8(b).  In addition to the plain language of the Receivership Order, case law supports entry of an order confirming that the Receivership Order and the Receivership Estate include the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities.  *See Kaleta*, 530 F. App'x at 362.  The Sethi-Controlled Joint Ventures and Sethi-Controlled Entities are: (a) operated by the same principals and employees, (b) share the same offices under the name of Sethi Financial Group, (c) share a Quickbooks accounting system,  (d) commingle funds through all of the various bank accounts of the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities, (e) have common ownership, and (f) have the same registered agents/managing members or general partners of Sethi Petroleum or Mr. Sethi.  They appear to be a "single enterprise," commonly referred to by the Receiver as the Sethi Enterprise.

## IV.
## RELIEF REQUESTED

12.     Based on the foregoing, the Receiver respectfully requests that the Court enter an Order (a) confirming that the Receivership Estate includes the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities; (b) affirming that the Receiver's authority over the Receivership

**MOTION TO CONFIRM RECEIVERSHIP ASSETS/ENTITIES - PAGE-6**

Estate applies to the Sethi-Controlled Joint Ventures and Sethi-Controlled Entities, their bank accounts, and any assets titled in their names; and (c) granting any other further relief to which the Receiver is justly entitled.

Dated: June 15, 2015

Respectfully submitted,

/s/ Michael S. Haynes
Michael S. Haynes (TX 24050735)
Evan R. Baker (TX 24073879)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999 4667 (facsimile)
(214) 999 3000 (telephone)
mhaynes@gardere.com
ebaker@gardere.com

**PROPOSED COUNSEL FOR THE RECEIVER, MARCUS HELT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on June 15, 2015.

/s/ Michael S. Haynes
Michael S. Haynes

Gardere01 - 6611190

**MOTION TO CONFIRM RECEIVERSHIP ASSETS/ENTITIES - PAGE-7**