# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | CASE NO. 4:15-CV-338<br>Judge Mazzant |
| SETHI PETROLEUM, LLC and SAMEER P. SETHI | § § § | |

## MEMORANDUM OPINION AND ORDER

On June 3, 2015, Plaintiff Securities and Exchange Commission (the "SEC") filed its Emergency Motion for Show Cause Hearing to Hold Defendant in Contempt (Dkt. #29). On June 4, 2015, the Court granted the SEC's motion, and set the show cause hearing for June 19, 2015 (Dkt. #32, #37). On June 18, 2015, Defendant Sameer P. Sethi ("Sethi") filed a motion for continuance of the June 19, 2015 hearing, arguing that he needed additional time to conduct discovery prior to the hearing (Dkt. #42). Specifically, Sethi requested that he be allowed to take the deposition of Michael Cymbaluk ("Cymbaluk"), whose declaration was attached in support of the SEC's motion. The Court denied that request, and a hearing was held on June 19, 2015, at 9:00 a.m. (Dkt. #43, #45).

## BACKGROUND

On May 14, 2015, the Court granted the SEC's emergency ex parte request and issued a temporary restraining order, asset freeze, and other injunctive relief (the "TRO") against Sethi Petroleum, LLC ("Sethi Petroleum") and Sethi (Dkt. #11). The Court also appointed a receiver over Sethi and Sethi Petroleum (Dkt. #12). On May 26, 2015, the Court issued a preliminary injunction against Defendants, extending the restraints and obligations in the TRO to last throughout the litigation (Dkt. #23). The preliminary injunction barred Defendants from

violating the antifraud provisions of the federal securities laws. *Id*. The preliminary injunction further states, "Sameer Sethi… [is] restrained and enjoined from directly or indirectly… participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Sameer Sethi from purchasing or selling securities listed on a national securities exchange for his own personal accounts." *Id*. at 4.

In its motion, the SEC contends that on May 27, 2015, Sethi contacted Cymbaluk, an independent petroleum landman that obtains oil and gas properties for himself and other clients in Bismark, North Dakota (Dkt. #29 at 4). During the May 27, 2015 phone call, Cymbaluk stated that Sethi informed him that he had $2.5 million in investors' funds to "put to work in North Dakota," and asked if Cymbaluk had any oil-and-gas "working interests" for sale. *Id*. Cymbaluk declined to do business with Sethi, having already heard about the SEC's action against Sethi. *Id*.

At the June 19, 2015 hearing, the SEC called Cymbaluk, who testified that during the May 27, 2015 phone call, Sethi stated that he had $2.5 million in investors' funds to "put to work in North Dakota." Sethi asked Cymbaluk if he had any working interests to sell him. When Cymbaluk told Sethi that he was uncomfortable doing business with him given the litigation with the SEC, and Sethi responded that the SEC situation was temporary. Cymbaluk responded that he would not do business with Sethi until he resolved his issues with the SEC, and Sethi asked if he could refer investors directly to Cymbaluk. Cymbaluk responded that Sethi could give his phone number to anyone he wanted. The SEC also called Sethi, who exercised his Fifth Amendment right to not answer the questions asked by the SEC or the Receiver. The SEC called Alyson Brown. Sethi called William Shaver and John Weber. At the hearing, the Court ordered the parties to provide further briefing on the issue of whether the subjects of the May 27, 2015

conversation were, in fact, involving securities, and if the Court were to find Sethi in contempt, what would be an appropriate remedy for his conduct.

## ANALYSIS

"Courts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)). A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil."). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *SEC v. Resource Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction… so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

The elements of contempt that the movant must prove by clear and convincing evidence are: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the

opposing party fails to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

The first two elements are established. The Court entered an order freezing Sethi's assets and a preliminary injunction order that prohibited Sethi from "directly or indirectly… participating in the issuance, purchase, offer, or sale of any security" (Dkt. #23 at 4). The only question remaining for the Court is whether there is clear and convincing evidence that Sethi failed to comply with the Court's order.

The Court finds that there is insufficient evidence to show that Sethi violated the asset freeze. The asset freeze stated that "all [investor] funds and other assets shall remain frozen unless otherwise authorized by the Receiver" (Dkt. #23 at 4). The evidence suggests that Sethi attempted to violate the asset freeze by attempting to use investor funds to purchase a "working interest"; however, no evidence offered by the SEC indicates that Sethi actually violated the freeze.

Sethi contends that his conversation with Cymbaluk regarding whether Cymbaluk "had any working interests to sell" was not "participat[ion] in the issuance, purchase, offer, or sale" of a "security." Sethi argues that under federal law, a "working interest" is not a security. *See* 15 U.S.C. § 77b, 78c. However, a "fractional undivided interest in oil, gas, or other mineral rights" is a security. *Id*. When a transaction does not fall squarely within the statutory definition of a security, the surrounding circumstances of the transaction may be determinative. *See* 15 U.S.C. § 77b (defining "security" but stating "unless the context otherwise requires"); *see Adena Exploration, Inc. v. Sylvan*, 860 F.2d 1242, 1249 (5th Cir. 1988) ("Yet, we must be ever mindful that the statutory definition of 'security' is accompanied by that vexatious phrase, 'unless the context otherwise requires.'"); *Affco Invs. 2001, LLC v. Proskauer Rose, L.L.P.*, 625 F.3d 185,

190 (5th Cir. 2010) (noting that in the securities context, "economic reality is to govern over form"). The SEC argues that the evidence offered by Cymbaluk that Sethi approached him on May 27, 2015, and asked whether Cymbaluk had any working interests to sell, combined with Sethi's invocation of his Fifth Amendment right against self-incrimination, constitutes clear and convincing evidence that Sethi violated the Court's order. The Court does not agree. The Court certainly acknowledges that a Court may, and in some cases, must, draw an adverse inference from a defendant's refusal to testify in a civil case. However, even if the Court draws this adverse inference against Sethi, there is insufficient evidence to determine what type of "working interest" Sethi was attempting to purchase due to the short nature of the conversation with Cymbaluk. In addition, Cymbaluk indicated that he returned Sethi's phone call as a courtesy to Sethi, and was not planning to do business with him. Within the oil and gas industry, a "working interest" may commonly refer to a person's interest in a lease which generally grants a person the right to drill for oil and gas on a particular tract of land for a specified period of time. *See Adena Exploration, Inc*., 860 F.2d at 1251 n.40. "[A] fractional undivided working interest in a mineral lease arises when a lessee of mineral rights sells part of its interest in the rights in order to finance the development of the minerals." *Id*. at 1248. Because Cymbaluk and Sethi never discussed what type of interest Cymbaluk had for sale, the Court would first have to assume that it would have been an oil and gas lease. In order to find that the interest at issue was a security, the Court would have to further assume that the interests were fractional, undivided working interests in an oil, gas, or mineral lease. There is simply no evidence to indicate what type of interest Sethi wanted to purchase, or what type of interest Cymbaluk had for sale, and certainly not enough evidence to constitute clear and convincing evidence that what was sought was a

security.  For that reason, the Court finds that there is no violation of the preliminary injunction order, and Sethi should not be held in contempt.

## CONCLUSION

While it may be the Court's belief that Sethi attempted to violate the Court's preliminary injunction order, after hearing the testimony submitted as evidence at the June 19, 2015 hearing, the Court cannot find Sethi in contempt of its order at this time.  Because the conversation with Cymbaluk did not continue past the initial inquiry made by Sethi, the Court cannot find by clear and convincing evidence that Sethi participated in the offer of a security.  However, the Court cautions Sethi against attempting to violate its orders in the future, as the Court will not look favorably on any continued attempts to circumvent either the spirit or the letter of its orders.

**SIGNED this 1st day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE