IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. 4:15-cv-338 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SETHI PETROLEUM LLC and SAMEER P. SETHI, | ) ) | |
| Defendants. | | |

### AFFIDAVIT OF RAFAEL C. RODRIGUEZ

**STATE OF TEXAS** §
§
**COUNTY OF DALLAS** §

BEFORE ME, the undersigned authority, personally appeared Rafael C. Rodriguez, who, being by me duly sworn, deposed as follows:

1. "My name is Rafael C. Rodriguez. I am over twenty-one (21) years of age, of sound mind and competent to make this affidavit. I have personal knowledge of the facts stated herein and they are true and correct."

2. "I am counsel for Praveen Sethi ('Praveen'), a non-party in the above-styled lawsuit."

3. "Prior to November 9, 2015, Michael Haynes ('Haynes'), counsel for the Receiver in the above-referenced matter, Marcus Helt (the 'Receiver'), and I agreed that Praveen would not be required to produce any records which had been subpoenaed by the Receiver directly from third parties."

EXHIBIT A

4. "Prior to December 1, 2015, I had a telephone conversation with Evan Baker ('Baker'), counsel for the Receiver. During that phone call, Baker inquired whether Praveen would be producing any documents in response to the Receiver's Request for Production (the 'Receiver's Requests'). I responded to Baker that I did not believe Praveen had possession, custody, or control of any documents responsive to the Receiver's Requests and within the limited scope of discovery. Baker agreed to send me a list of documents Baker believed were responsive to the Receiver's Requests and within the limited scope of discovery. I stated that I would review the list once I received it from Baker and let Baker know if Praveen had possession, custody, or control of any documents listed. I ended the call by agreeing to produce all responsive documents identified on the list which were within the limited scope of discovery."

5. "On Tuesday, December 1, 2015, Michael Haynes ('Haynes'), counsel for the Receiver, emailed me and inquired when Praveen would be producing documents in response to the Receiver's Requests. I replied to Haynes email and informed Haynes of the telephone conversation between Baker and I described in paragraph 3 above. I also stated in my reply email that I had not received the list of documents Baker agreed to send me."

6. "On Wednesday, December 2, 2015, Haynes replied to my December 1, 2015 email and stated, amongst other things, that Baker was leaving the firm and that Haynes would send me the list of documents Baker previously agreed to provide on December 1, 2015. Haynes also confirmed in that email that the Receiver agreed that '*Praveen does not need to produce any documents that would be duplicative of the documents the Receiver produced to Praveen on November 19th.*' Haynes and I agreed to meet and confer on Friday, December 4, 2015 to discuss Haynes' request in his December 2, 2015 email."

7. "On Friday, December 4, 2015, Haynes and I conferred generally on what documents the Receiver was requesting from Praveen. Haynes told me that he believed the Receiver's Requests included, for example, documents which show that deposits from third parties into Praveen's bank accounts were not traceable to the Receivership Estate. I stated that the Receiver's Requests included no such request. The meeting ended before Haynes and I could fully confer regarding the Receiver's Requests."

8. "The following Wednesday, December 9, 2015, Haynes and I had a telephone conversation regarding a related matter involving Praveen and the Receivership Estate. After that call, Haynes emailed me and asked again when Praveen would produce documents responsive to the Receiver's Requests. I replied to Haynes' email and asked Haynes to identify which specific document requests Haynes was referring to. Haynes replied to my email and stated that Praveen's Responses to the Receiver's Requests, Nos. 5, 6, and 9 stated that Praveen would produce documents."

9. "Attached hereto as Exhibit 'A-1' are true and correct copies of the emails identified above in paragraphs 4, 5, 6, and 7."

10. "Attached hereto as Exhibit 'A-2' are the Receiver's Requests."

11. "Attached hereto as Exhibit 'A-3' are Praveen's Objections and Responses to the Receiver's Requests."

12. "Attached hereto as Exhibit 'A-4' are Praveen's First Supplemental Objections and Responses to the Receiver's Requests."

Further Affiant Sayeth Naught.

_____
Rafael C. Rodriguez

SWORN TO AND SUBSCRIBED before me on the 5th day of January, 2016.

_____
Notary Public in and for the State of Texas

JENDA B. MCFAUL
My Commission Expires
May 23, 2018

My Commission Expires: 5/23/18