# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE § | | |
| COMMISSION § | | |
| § | | |
| v. § | CASE NO. 4:15-CV-338 | |
| § | Judge Mazzant | |
| SETHI PETROLEUM, LLC and § | | |
| SAMEER P. SETHI § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is First Interim Fee Application of Gardere Wynne Sewell LLP for Allowance of Fees and Reimbursement of Expenses (Dkt. #120). After reviewing the relevant pleadings, the Court finds that the motion should be denied at this time.

## BACKGROUND

On May 14, 2015, the Securities and Exchange Commission (the "SEC") filed its Complaint alleging that Defendants Sethi Petroleum, LLC ("Sethi Petroleum") and Sameer P. Sethi ("Sameer Sethi," or collectively, with Sethi Petroleum, "Defendants") "carried on a fraudulent scheme and made materially false and misleading statements and omissions to potential and actual investors in order to offer and sell securities in the Sethi-North Dakota Drilling Fund-LVIII Joint Venture" ("NDDF") (Dkt. #1 at p. 1). The SEC alleges that Defendants violated antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (Dkt. #1 at p. 2). Additionally, the SEC alleges that Sameer Sethi violated Section 20(b) of the Exchange Act, and is liable as a control person under Section 20(a) for Sethi Petroleum's primary violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Dkt. #1 at p. 2).

Also on May 14, 2015, the SEC requested a temporary restraining order ("TRO"), which the Court granted and set the preliminary injunction hearing for May 28, 2015 (Dkt. #11). The Court also appointed Marcus Helt ("Helt" or "Receiver"), as the receiver in the case (Dkt. #12).

On May 22, 2015, the parties filed an Agreed Motion for Preliminary Injunction (Dkt. #20), which the Court granted on May 26, 2015 (Dkt. #23).

On March 2, 2016, Receiver filed his First Interim Fee Application of Gardere Wynne Sewell LLP for Allowance of Fees and Reimbursement of Expenses (Dkt. #120). No response has been filed.

## LEGAL STANDARD

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris Cnty, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the lodestar analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the lodestar amount, the court must consider the twelve factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson*, 488 F.2d at 717-19).

The court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The fee applicant bears the burden of proof on this issue. *See*

2

*Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Many of [the Johnson] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The lodestar is presumptively reasonable, and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended, and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## ANALYSIS

In the present case, Receiver requests a total amount of $347,866.46, for interim attorneys' fees (Dkt. #120 at p. 2). At the time of filing the present motion, the total amount of cash on hand for the Receivership Estate was $370,429.58 (Dkt. #120 at p. 4).

"In general, a reasonable fee is based on all circumstances surrounding the receivership." *S.E.C. v. W.L. Moody & Co., Bankers (Unincorporated)*, 374 F. Supp. 465, 480 (S.D. Tex. 1974). In *W.L. Moody & Co., Bankers (Unincorporated)*, the Southern District of Texas found that the following factors were significant to the determination of awarding a reasonable fee: (1) results achieved by Receiver; (2) ability, reputation, and other professional qualities of Receiver necessary for the job; (3) size of the estate and its ability to afford the expenses and fees; and (4) time required to conclude the receivership. 374 F. Supp. at 480-84. The third factor, size of the estate and its ability to afford the expenses and fees, "must be given considerable weight." *W.L. Moody & Co., Bankers (Unincorporated)*, 374 F. Supp. at 481. After reviewing the relevant

pleadings, the Court finds that given the limited amount of cash currently on hand within the Receivership Estate and the lack of evidence demonstrating Receiver's need for an award at this time, it will defer its consideration of Receiver's request for fees and expenses until the conclusion of the case and the asset distribution is later determined. *See S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 281 (S.D.N.Y. 2008); *see also Commodities Futures Trading Comm'n v. Morse*, 762 F.2d 60, 63 (8th Cir. 1985) (reasoning that where a receivership estate lacks sufficient funds to pay claims of defrauded customers, it would be inequitable to further deplete the funds to pay the attorneys retained by defendant); *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989) (noting that courts "regularly have frozen assets and denied attorney fees or limited the amount for attorney fees."). Therefore, the Court finds that Receiver's First Interim Fee Application of Gardere Wynne Sewell LLP for Allowance of Fees and Reimbursements of Expenses should be denied at this time.[1]

## CONCLUSION

It is therefore **ORDERED** that First Interim Fee Application of Gardere Wynne Sewell LLP for Allowance of Fees and Reimbursements of Expenses (Dkt. #120) is hereby **DENIED**.

**SIGNED this 10th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] In making its determination, the Court expresses no opinion as to the reasonableness of the amount of fees and expenses requested by Receiver. As discussed, the determination shall be reserved until the conclusion of the case and the asset distribution is later made by the Court.