# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | CASE NO. 4:15-CV-338 |
| | § | Judge Mazzant |
| SETHI PETROLEUM, LLC and SAMEER P. SETHI | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Sameer Sethi's Amended Motion to Amend the Court Order to Permit an Interlocutory Appeal and in the Alternative Permit an Appeal Based on the Collateral Order Doctrine (Dkt. #137). After reviewing the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On May 14, 2015, the Securities and Exchange Commission (the "SEC") filed its Complaint alleging that Defendants Sethi Petroleum, LLC ("Sethi Petroleum") and Sameer P. Sethi ("Sameer Sethi," or "Defendant") "carried on a fraudulent scheme and made materially false and misleading statements and omissions to potential and actual investors in order to offer and sell securities in the Sethi-North Dakota Drilling Fund-LVIII Joint Venture" (the "Joint Venture") (Dkt. #1 at p. 1). The SEC alleges that Defendants violated antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (Dkt. #1 at p. 2). Additionally, the SEC alleges that Sameer Sethi violated Section 20(b) of the Exchange Act, and is liable as a control person under Section 20(a) for Sethi

1

Petroleum's primary violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Dkt. #1 at p. 2).

Also on May 14, 2015, the SEC requested a temporary restraining order ("TRO"), which the Court granted and set the preliminary injunction hearing for May 28, 2015 (Dkt. #11). The Court also appointed Marcus Helt ("Receiver"), as the receiver in the case (Dkt. #12).

On May 22, 2015, the parties filed an Agreed Motion for Preliminary Injunction (Dkt. #20), which the Court granted on May 26, 2015 (Dkt. #23).

On February 13, 2016, Defendant Sameer Sethi filed his First Amended Motion for Judgment on the Pleadings Pursuant to Federal Rules of Civil Procedure 12(c) and 9(b) (Dkt. #116). On April 18, 2016, the Court denied the 12(c) motion (Dkt. #127). In its Order, the Court stated that the "Plaintiff ha[d] stated plausible claims for purposes of defeating a Rule 12(b)(6)[1] motion." (Dkt. #127 at p. 3).

On June 21, 2016, Defendant Sameer Sethi filed his Amended Motion to Amend the Court Order to Permit an Interlocutory Appeal and in the Alternative Permit an Appeal Based on the Collateral Order Doctrine (Dkt. #137). On July 5, 2016, the SEC filed its response (Dkt. #150).

## ANALYSIS

*Interlocutory Appeal*

Under 28 U.S.C. § 1292(b), the Court may certify its order denying Defendant's 12(c) motion if it determines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

---

[1] The 12(b)(6) standard was the appropriate standard for Defendant's motion for judgment on the pleadings. As the Court stated in its Order, "[a] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." (Dkt. #127 at p. 1) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

materially advance the ultimate termination of the litigation[.]" Defendant alleges that he has met this standard, and the Court should certify its Order.

In the Fifth Circuit, interlocutory appeals are exceptional and "[d]o not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Therefore, "[a]ll three…elements should be present before a court certifies an order for interlocutory appeal." *Monroe v. Cessna Aircraft Co.*, No. 2:05CV250, 2006 WL 1305116, at *1 (E.D. Tex. May 9, 2006). Additionally, "[s]atisfying these three statutory criteria is not always sufficient, 'as district court judges have unfettered discretion to deny certification even when all three are satisfied.'" *Commil USA, LLC v. Cisco Sys., Inc.*, No. 2:07-cv-341, 2011 WL 738871, at *4 (E.D. Tex. Feb. 23, 2011) (internal citation omitted), *judgment vacated on other grounds by Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (May 26, 2015).

The Court finds that the elements for certification of interlocutory appeal are not met in the present case[2]. First, the Court's Order regarding Defendant's motion for judgment on the pleadings does not raise a controlling question of law. An order may only be certified for interlocutory appeal under § 1292(b) if it turns on "a pure issue of law, i.e., a question the

---

[2] As a preliminary matter, the SEC asserts that Defendant's motion is untimely (Dkt. #150 at p. 3). While there is no statutory deadline for filing of the request for certification, there is a nonstatutory requirement that the request for certification "be filed in the district within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (citing *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (emphasis in original)). Without good reason for delay, "a district judge should not grant an inexcusably dilatory request" for interlocutory certification. *Richardson Elecs., Ltd.*, 202 F.3d at 958 (holding that "delay alone was sufficient grounds for us to refuse our permission to appeal" because "no excuse for the defendants' taking two months to appeal has been offered except the patently inadequate one that the case had been 'largely dormant' for nine years, requiring the defendant's lawyer to refamiliarize himself with it…"). Other courts that have considered this issue have found a delay of two months or more to be untimely. *See Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990); *Ferraro v. Sec'y of HHS*, 780 F. Supp. 978 (E.D.N.Y. 1992) (denying motion to certify as untimely after plaintiff's two-and-one-half-month delay); *Green v. City of New York*, No. 05-CV-0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying motion for certification of interlocutory appeal where no justification was offered for two-month delay); *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-Civ, 2001 WL 883303 (S.D. Fla. Jan. 26, 2001) (denying motion to certify as untimely after forty-six day delay). The Court finds that Defendant's motion is untimely, however, the Court finds that the motion should be denied as Defendant has failed to meet the required criteria for certifying a question for interlocutory appeal, as stated below.

appellate court can efficiently rule on without making an intensive inquiry into the record." *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511, 2009 WL 1797996, at *2 (E.D. Tex. June 24, 2009) (citations omitted); *see also IP Innovation LLC v. Google Inc.*, No. 2:07-CV-503-RRR, 2010 WL 691130 (E.D. Tex. Jan. 6, 2010) (Rader, J. sitting by designation) (denying certification because the question was not a "pure issue of law"). Defendant requests that the Court certify for appeal "whether a general partnership is a security." (*See* Dkt. #137 at pp. 1-2). The Court finds that this is not a pure question of law, but instead a mixed question that would require the Court to weigh facts to determine whether or not the Joint Venture should be considered an investment contract under securities law[3]. Therefore, the Court finds that the question is not suited for interlocutory appeal, and Defendant's motion should be denied.

Additionally, Defendant's motion should be denied because the case does not present a substantial ground for a difference of opinion. Courts have found that there is a substantial ground for a difference of opinion when

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006); *see Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012)). The Court finds that Defendant's question does not present a substantial ground for a difference of opinion, and thus the Defendant's motion should be denied[4].

---

[3] Additionally, this is not the question that was addressed in Defendant's Motion for Judgment on the Pleadings (Dkt. #116). The Court in determining Defendant's motion determined "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." (Dkt. #116 at p. 2) (citing *Brittan Commc'n Int'l Corp. v. Sw Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)).

[4] "[A]n interlocutory appeal is not permitted from the denial of Rule 12(c) motions simply claiming a failure to plead sufficiently. *Porter v. Valdez*, 424 F. App'x 382, 385 (5th Cir. 2011); *see, e.g.*, *Johnson v. Johnson*, 385 F.3d 503, 528-29 (5th Cir. 2004). Although the Court finds that Defendant has not raised an appealable issue that would

*Appeal under the Collateral Order Doctrine*

Alternatively, Sameer Sethi requests that the Court grant his appeal under the Collateral Order Doctrine (Dkt. #137 at p. 6).

Title 28 United States Code Section 1291 limits appellate jurisdiction to "final decisions of the district courts of the United States." "For purposes of [section] 1291, a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989))).

"[T]he collateral order doctrine accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving the 'claims of right separable from, and collateral to, rights asserted in the action.'" *Martin*, 618 F.3d 476, 482 (5th Cir. 2010) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996))). "The claims are 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Id.* (*Will*, 546 U.S. at 349 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)). In describing the requirements under the collateral order doctrine, the Supreme Court has stressed its limited application:

> The requirements for collateral order appeal have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment. The conditions are stringent, and unless they are kept so, the underlying doctrine will overpower

---

cause a Rule 12(c) motion to be subject to interlocutory appeal, it also finds that Defendant has not met the criteria to have his question certified for interlocutory appeal.

5

> the substantial finality interests [28 U.S.C. § 1291] is meant to further: judicial efficiency, for example, and the sensible policy of avoid[ing] the obstruction of just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise.
>
> Accordingly, we have not mentioned applying the collateral order doctrine recently without emphasizing its modest scope. And we have meant what we have said; although the Court has been asked many times to expand the small class of collaterally appealable orders, we have instead kept it narrow and selective in its membership.

*Will*, 546 U.S. at 349-50 (citations and internal quotation marks omitted; alterations in original); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). The orders, from which collateral order review may be taken, are limited. *Martin*, 618 F.3d at 482.

The Fifth Circuit has explained that "[t]he collateral order permits appeals from orders that are deemed final under 28 U.S.C. § 1291 because they "(1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." *Troice v. Prokauer Rose, L.L.P.*, 816 F.3d 341, 345 (5th Cir. 2016) (quoting *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 766 (5th Cir. 1996)).

After reviewing the relevant pleadings, the Court finds that Defendant has not met the requirements necessary under the Collateral Order Doctrine. First, the Court finds that the Court's Order regarding Defendant's 12(c) motion for judgment on the pleadings did not conclusively determine an issue. The Court merely found that Plaintiff's complaint stated a claim, and the case would proceed. Defendant asserts that "[i]n the present case, the Court's Denial of the Motion to Dismiss on the Pleadings include[d] a determination that the SEC does in fact have jurisdiction over the General Partnerships." (Dkt. #137 at p. 8). However, Defendant argued in his 12(c) motion that "the SEC has not sufficiently [pleaded] that Sameer

Sethi, the individual, was personally responsible for acts alleged against in their complaint[,]" and that is the issue that the Court determined (Dkt. #116 at p. 2). Defendant still has opportunities to argue that the Joint Venture is not a security, but a general partnership. Therefore, the Court finds that the Court's 12(c) motion did not conclusively determine an issue, and Defendant's motion should be denied.

Additionally, the Court finds that the issue of the SEC's jurisdiction is a central issue to the merits of the case. Defendant argues that "[t]he order denying the [m]otion to [d]ismiss on the [p]leadings does not delve into any factual issues and was determined on the threshold issue of whether or not the SEC has jurisdiction over the defendant." (Dkt. #137 at p. 8). The Court disagrees, and finds that the determination of whether the Joint Venture constitutes a security or a general partnership is central the merits of the case. Therefore, Defendant's motion should be denied.

Finally, the Court finds that the issue is reviewable as a final judgment. The issue of whether the Joint Venture constitutes a security or a general partnership is reviewable as part of the final judgment. As Defendant has not met all three criterial necessary to satisfy the Collateral Order Doctrine, the Court finds that Defendant's motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Sameer Sethi's Amended Motion to Amend the Court Order to Permit an Interlocutory Appeal and in the Alternative Permit an Appeal Based on the Collateral Order Doctrine (Dkt. #137) is hereby **DENIED**.

**SIGNED this 18th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE