# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | Case No. 4:15-CV-338 |
| | § | Judge Mazzant |
| SETHI PETROLEUM, LLC and SAMEER P. SETHI | § § | |

## MEMORANDUM OPINION AND ORDER

On August 9, 2016, the Court entered an order holding Sameer P. Sethi ("Sameer"), Praveen Sethi ("Praveen"), and John Weber ("Weber") (collectively, "Contemnors") in contempt of its Agreed Order Granting Preliminary Injunction, Asset Freeze, and Other Relief (Dkt. #23) (the "Preliminary Injunction") (Dkt. 169, the "Contempt Order"). The Court further ordered Sameer, Praveen, and Weber to (1) cease and desist from the offer and sale of any securities; (2) cease and desist Cambrian Resources LLC's ("Cambrian") operations, providing sworn declarations describing the steps undertaken to do so; (3) provide a sworn accounting for all Cambrian assets; (4) return a total of $77,500 to Cambrian's two known investors and confirm that there were no other investors; and (5) pay the Commission's costs incurred in the contempt proceeding. (Contempt Order, pp. 29-30).[1] The Court further ordered the Commission to notify the Court if the Contemnors failed to comply with the Court's order within 14 days, such period expiring on August 23, 2016.

---

[1] The Commissioner correctly points out that the requirement that Contemnors pay the Commission's costs is not triggered until the Court approves the Commission's bill of costs, which has not been submitted by the Commission.

On August 20, 2016, Sameer filed a motion asking the Court for sixty (60) more days to comply with the Contempt Order and "an additional 21 days" to file a motion to reconsider the Contempt Order (Dkt. #176). On August 22, 2016, Praveen filed an opposed motion asking for "at least 60 days" to provide a sworn declaration describing steps undertaken to cease and desist the sale of securities, provide a sworn accounting of Cambrian's assets, and return investors' money (Dkt. #178). On August 23, 2016, Weber filed an emergency motion asking for sixty (60) additional days to repay Cambrian investors and stating that he is otherwise in compliance with the Contempt Order (Dkt. #182). On August 23, 2016, Sameer filed documents attempting to demonstrate compliance with the Contempt Order (Dkt. #180) and a Notice of Appeal of the Contempt Order (Dkt. #181). On August 24, 2016, the Commission filed a response to the various motions (Dkt. #183).

**Praveen**

The Commission asserts that Praveen's motion and attached exhibits are puzzling and troubling. The Court agrees. Praveen submits nine partial account statements in support of the proposition that he cannot pay. Praveen's partial account statements completely fail to support the proposition that he should be given more time to comply with the Court's order.

The Commission summarizes the various documents submitted by Praveen, and the Court adopts those herein:

> Praveen's July 6, 2016 Legacy Bank statement shows a deposit of $298,690 on June 29, 2016 which is seven days after the Commission filed its Show Cause motion against the Contemnors (Dkt. #178-2). On the same day, Praveen withdrew $278,690 from the same account, apparently in the form of a cashier's check to Bina Beechum. Praveen provides neither a description of these transactions nor an explanation for how this material supports the idea that he cannot repay Cambrian's investors. The Commission's counsel contacted Bina Beechum on August 23, 2016, and discovered that she is Praveen's daughter and

Sameer's sister. She informed counsel that the $278,690 was a personal loan from her father. She said that she asked her father for the loan, received the check in mid or late July, and that she planned on using the money in connection with a real estate auction in August. Bina Beechum represented that she still has the cashier's check in her possession.

Praveen states that his monthly income is $9,200 (Dkt. #178-1). Although he does not indicate the source of this income, his stated $250 monthly landscaping expense seems to reflect the maintenance of income property. Other exhibits show Praveen making monthly credit card payments and bank account withdrawals and deposits exceeding his stated monthly income.

Praveen's monthly budget includes the statement that "Praveen's checking, savings, assets, etc. are frozen." The partial bank statements contradict this statement, with numerous transactions in June and July 2016.

Aside from the $298,690 transfer in and $278,690 transfer to his daughter, Praveen's July 6, 2016 Legacy Bank account statement shows additional deposits of $15,759. The total deposits on that statement (over $50,000) exceeds Praveen's stated monthly income of $9,200.

Praveen's next account statement, for the period ending August 6, 2016, is again presented only in partial form, with transactions missing from July 28 through August 6, 2016, which are dates during the pendency of the contempt action (Dkt. #178-3). During this one month, Praveen made withdrawals from this account in excess of $68,000.

Praveen attaches a partial Citibank credit card statement from the period ending July 22, 2016 (Dkt. #178-4). This statement shows (1) two payments totaling $9,483.62 (made 7 days apart, one in June, one in July) exceeding his entire monthly stated income; (2) credit card charges ($8,324.52) approaching his entire monthly budget; and (3) travel to and expenses paid in Ireland during the pendency of the contempt motion.

Praveen's Citibank card statement for the period ending July 7, 2016, which appears to be a different credit card account, shows that Praveen made three payments between June 14 and July 6, 2016, totaling more than $28,000 (Dkt. #178-6).

The same statement shows that Praveen made two payments of $308.10 and one payment of $616.20 to the Office of the Texas Secretary of State. While the Commission has not been able to determine whether Praveen has registered new entities, it appears to cost $308.10 to register an LLC in the state of Texas.

The same statement shows travel expenses to Italy for Praveen, his wife, Sameer, Julissa Martinez, and two others including Sameer's son, who apparently flew to Rome from Greece. The statement shows only return-trip tickets, and the trip appears to have happened

a week before the contempt hearing (Dkt. #178-6).

In his closing brief, Praveen claimed that Cambrian's remaining cash, which amounted to more than $40,000, had been used by Cambrian for "moving expenses." (Dkt. 163, p. 8 n.3). Praveen now claims, without supporting evidence, that he simply returned the money to Cambrian. (Dkt. 178, p. 2 n.2). Praveen ignored the Commission's request for any substantiation about his moving-expenses claim.

The Commission argues that Praveen's motion and exhibits comprise a far more damning array of facts concerning his involvement and willingness to circumvent the Court's order than the Commission previously suspected. The Court agrees. It strains credibility to think that Praveen took the $44,000 to $49,000 paid to him in cash, representing investors' money, and used it all for moving expenses. Notably absent are any records to demonstrate that. Praveen's testimony at the contempt hearing strained credibility and the Court found that Praveen knew about the injunction and intentionally attempted to circumvent the order. Even more troubling, and possibly to dissipate assets to avoid paying future contempt order, Praveen transferred to his daughter $278,690 after being put on notice that the Commission was seeking contempt. Praveen could have given an explanation for these matters, but failed to do so, and the Commission is correct that every document provided by Praveen raises more questions than answers. Praveen has offered no plausible reason for his request for an extension of time and no reasonable excuse for his current noncompliance with the Court's Contempt Order. The Court denies Praveen's request for an extension and finds that he is not in compliance with the Court's Contempt Order.

It is therefore **ORDERED** that Praveen shall be imprisoned until he chooses to repay Cambrian's investors and comply with the other provisions of the Court's Contempt Order. Praveen shall turn himself in to the U.S. Marshal's Service, U. S. Courthouse Annex, 200 N. Travis Street, Mezzanine Level, Sherman, Texas, no later than 2:00 p.m. on August 26, 2016. If Praveen fails to

4

appear by the required time, the Court will issue a warrant for his arrest.

It further **ORDERED** that Praveen shall be fined $500 each day until he chooses to comply with the Contempt Order. The Court also orders Praveen to place an additional sum of $50,000 into escrow with the Receiver to cover the Commission's potential costs in litigating this matter. Praveen has fourteen (14) days to submit the $50,000 to be held in escrow.

It is further **ORDERED** that Praveen Sethi's Emergency Motion for Leave to Obtain Additional Time to Comply with the Court's Memorandum Opinion and Order on Plaintiff's Emergency Motion for Show Cause Hearing to Hold Defendant and Others in Contempt is hereby **DENIED**.

It is further **ORDERED** that Defendant Sameer P. Sethi's Motion: 1:) to Extend Time to Comply with the Court's Order of Contempt Dated August 9, 2016 (Doc. 169) and: 2) for an Extension to File a Motion to Reconsider the Court's Ruling (Dkt. #176) is hereby **GRANTED** in part, and Defendant is granted an additional fourteen (14) days to fully comply with the Court's Contempt Order. All other relief is **DENIED**. The SEC shall notify the Court if Sameer complies or fails to comply with the Court's order.

**SIGNED this 25th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE