# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **Case No. 4:15-cv-338** |
| | § | **Judge Mazzant** |
| **SETHI PETROLEUM, LLC and SAMEER P. SETHI,** | § § § | |
| **Defendants.** | § § § | |

## DECLARATION OF MARCUS A. HELT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1.     My name is Marcus Alan Helt.  I am over the age of 21 and am competent to swear to the facts herein.  I have been a practicing attorney in the areas of financial restructuring and reorganization for over fifteen years.  I have a Bachelor's degree in accounting.

2.     On May 14, 2015, I was appointed by the Federal District Court for the Eastern District of Texas, Sherman Division, as receiver over Sethi Petroleum LLC and Sameer P. Sethi, individually.  Since my appointment, my team and I seized, inventoried, and investigated the assets and liabilities of the Receivership Estates.  My team and I also reviewed thousands of pages of documents, and interviewed numerous employees, creditors, and investors.

3.     My review and analysis leads me to the conclusion that the entire Sethi Enterprise was a sham.  Although the enterprise was represented to include several discreet "joint ventures," in reality, it was run as a single enterprise, with significant commingling of money that came into and went out of the Receivership Estates.  I found no observance of corporate formalities or separateness.

4.      The Sethi Enterprise was insolvent, and the only way to sustain operations of the Sethi Enterprise was through continued infusions of cash.   The Sethi Enterprise received approximately $13 million of cash under false representations that at least 75% of that money would go directly into purchasing mineral assets.   However, of the $13 million of cash, approximately $3 million – or 21% - of that money was spent on the acquisition of minerals. The amount of minerals actually purchased was so small in relation to the debts and expenses of the Sethi Enterprise that the enterprise never had a possibility, let alone probability, of being a viable business.   For example, in the sixteen months I have served as Receiver over the Sethi Enterprise, I have received a total of $2,489.85 of proceeds of production attributable to mineral interests owned by the Sethi Enterprise.

5.      As part of the NDDF transaction, the Sethi Enterprise acquired nine wells.  My research revealed that the Sethi Enterprise owns approximately 80 wells, including the nine wells that were part of the NDDF transaction.   The Sethi Enterprise's working interest in each well was usually less than 1%.

6.      Of the approximate $13 million of cash received by the Sethi Enterprise, at least $2.5 million was paid to insiders of Sethi Petroleum – such as Sameer P. Sethi, Praveen Sethi, and other family members and their companies – in the form of cash or payments on credit cards of those individuals.

7.      Documents found at the headquarters of the Sethi Enterprise show that "salesmen" who raised the cash for the Sethi Enterprise received a 12.5% commission on every dollar raised.  If at least 75% of the money received by the Sethi Enterprise was to be spent on the acquisition of minerals – as represented in the private placement memoranda – that means only 12.5% of that money was available to cover all other non-acquisition expenses – such as

**DECLARATION OF MARCUS A. HELT IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**                                        **PAGE 2**

APP000723

overhead, rent, salaries, and utilities.  Unfortunately for the investors, the Sethi Enterprise spent virtually the entire $13 million.  Upon my appointment, the Sethi Enterprise had less than $100,000 in cash on hand.  Moreover, my team and I have tried selling the mineral interests actually owned by the Sethi Enterprise.  To date, no one has offered to buy the interests for cash.

8.      Neither I, nor anyone on my team, have found any indication of any vote conducted by the Sethi Enterprise, nor have we found any indication that the Sethi Enterprise organized a vote or solicited input of any kind from investors.  To the contrary, internal documents of the Sethi Enterprise discovered by my team show that the Sethi Enterprise actively sought to minimize transparency with investors and limit the information to be made available to, and the involvement of, the investors.

9.      On December 4, 2015, my counsel conducted an oral deposition of Sameer P. Sethi.  The oral deposition on December 4, 2015, was transcribed by a Certified Shorthand Reporter in and for the State of Texas.  A true and correct copy of the transcript of the oral deposition of Sameer P. Sethi is attached hereto as Exhibit A.

10.      I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of September 2016 at Dallas, Texas.

_____

MARCUS A. HELT

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
 2                    SHERMAN DIVISION

 3   SECURITIES AND EXCHANGE        *
     COMMISSION,                    *
 4                                  *
          Plaintiff,               *
 5                                  *
     v.                             *   Case No. 4:15-cv-338
 6                                  *   Judge Mazzant
     SETHI PETROLEUM, LLC and       *
 7   SAMEER P. SETHI,               *
                                    *
 8        Defendants.               *

 9

10   *************************************************************
                ORAL DEPOSITION OF SAMEER P. SETHI
11   *************************************************************

12

13

14

15

16        ANSWERS AND DEPOSITION OF SAMEER P. SETHI,

17   produced as a witness at the instance of the Receiver,

18   taken in the above-styled and -numbered cause on the

19   4th day of December, 2015, A.D., beginning at

20   10:11 a.m., before Terri Garcia, a Certified Shorthand

21   Reporter in and for the State of Texas, in the offices

22   of Anderson Tobin, PLLC, located at 13355 Noel Road,

23   Suite 1900, Dallas, Texas, in accordance with the

24   Federal Rules of Civil Procedure and the agreements

25   hereinafter set forth.
```

EXHIBIT A

```
 1                      A P P E A R A N C E S

 2    FOR THE RECEIVER, MARCUS HELT:

 3          MR. MICHAEL S. HAYNES
            MR. EVAN R. BAKER
 4          MR. MATTHEW PYEATT
            Gardere, Wynne, Sewell, LLP
 5          1601 Elm Street, Suite 3000
            Dallas, Texas  75201
 6          (214) 999-3000
            (214) 999-4667 (Fax)
 7
      FOR THE DEFENDANT, SAMEER P. SETHI:
 8
            MR. KENDAL B. REED
 9          Anderson Tobin, PLLC
            13355 Noel Road, Suite 1900
10          Dallas, Texas  75240
            (972) 788-3778
11          (972) 789-1606 (Fax)

12    FOR PRAVEEN SETHI AND SHAHNAZ SETHI:

13          MR. RAFAEL C. RODRIGUEZ
            Gruber, Hurst, Elrod, Johansen, Hail, Shank
14          1445 Ross Avenue, Suite 2500
            Dallas, Texas  75202
15          (214) 855-6809
            (214) 855-6808 (Fax)

16

17

18

19

20

21

22

23

24

25
```

1                    I N D E X

2   Appearances . . . . . . . . . . . . . . . . . Page 2

3   Exhibit Index . . . . . . . . . . . . . . . Page 4

4   Stipulations  . . . . . . . . . . . . . . . Page 6

5   Examination by Mr. Haynes . . . . . . . . . Page 6

6   Signature and Corrections . . . . . . . . . Page 76

7   Reporter Certificate  . . . . . . . . . . . Page 77

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              E X H I B I T   L I S T
                                    Page        Page
 2   No.       Description         Mrk'd       Ident.

 3   1    Joint Ventures/Contemplated    10        10
          Joint Ventures
 4
     2    Affidavit of Bank of America   12        12
 5        Bank Officer and/or Custodian
          of Records
 6
     3    2012 U.S. Individual Tax       13        13
 7        Return for Sameer Sethi

 8   4    2012 U.S. Individual Tax       21        21
          Return for Praveen Sethi
 9        and Shahnaz Sethi

10   5    Certified Copy of Limited      27        27
          Liability Company Resolutions
11        Opening and Maintaining Deposit
          Accounts and Services
12
     6    10/8/14 Withdrawal Slip        28        29
13        for $25,000

14   7    American National Bank of      28        29
          Texas Statement of Account
15        Sameer P. Sethi

16   8    3/3/15 Withdrawal Slip         30        30
          for $45,000
17
     9    Bank of America statement      30        31
18        for Sethi Financial Group, Inc.

19   10   1/21/15 Withdrawal Slip        33        34
          for $27,000
20
     11   American National Bank of      33        34
21        Texas Statement of Account
          Sameer P. Sethi
22
     12   American Express Statement     33        34
23
     13   12/10/14 Withdrawal Slip       39        39
24        for $20,000

25
```

Sameer P. Sethi

5

| 1 | 14 | American National Bank of Texas Statement of Account Sameer P. Sethi | 39 | 39 |
| 2 |  |  |  |  |
| 3 | 15 | American National Bank of Texas Statement of Account Praveen Sethi, Shahnaz Sethi | 39 | 40 |
| 4 |  |  |  |  |
| 5 | 16 | 23 February 2015 Interoffice Memorandum to Sameer Sethi from Michael R. Davis; Weekly Status Update | 43 | 43 |
| 6 |  |  |  |  |
| 7 |  |  |  |  |
| 8 | 17 | 8 September 2014 Interoffice Memorandum to Sameer Sethi from Michael R. Davis; Weekly Status Update | 47 | 47 |
| 9 |  |  |  |  |
| 10 |  |  |  |  |
| 11 | 18 | Commission Structure for the Internal 9th floor on the Bakken Patriot 5-8 | 49 | 49 |
| 12 |  |  |  |  |
| 13 | 19 | Sethi Oil & Gas, Inc. Punch Bar | 51 | 51 |
| 14 | 20 | 16 February 2015 Interoffice Memorandum to Sameer Sethi from Michael R. Davis; Re:  Operational Review | 57 | 57 |
| 15 |  |  |  |  |
| 16 |  |  |  |  |
| 17 | 21 | Bakken Patriot 3 & 4 Joint Venture Executive Summary | 58 | 59 |

18

19

20

21

22

23

24

25

```
 1              P R O C E E D I N G S

 2                   THE REPORTER:  Did y'all want to put any

 3      agreements on the record before I swear in the witness?

 4                   MR. HAYNES:  I don't have any.  Do you

 5      have any?

 6                   MR. REED:  As far as agreements, no.

 7      But I do, you know, like we discussed through e-mail,

 8      my intention here is -- and Sameer's intention here is

 9      to exercise his Fifth Amendment right, given the

10      possibility of criminal charges that can result from

11      the allegations that are in the SEC's complaint.

12                   MR. HAYNES:  Understood.

13                   Okay.  I have nothing else if you want

14      to swear the witness in.

15                        SAMEER P. SETHI,

16      having been first duly sworn, testified as follows:

17                        EXAMINATION

18      BY MR. HAYNES:

19         Q.   Mr. Sethi, my name is Michael Haynes.  I

20      represent Marcus Helt, who is the Court-appointed

21      Receiver over you and Sethi Petroleum.  You're familiar

22      with Mr. Helt, correct?

23         A.   Per the advise of my counsel, I'm exercising

24      my Fifth Amendment right to not answer the question.

25                   MR. HAYNES:  That he knows Mr. Helt?
```

```
 1              MR. REED:  I've told you that's going to
 2    be his answer.
 3              MR. HAYNES:  Okay.
 4        Q.   (BY MR. HAYNES)  I'm going to ask you some
 5    questions today.  Your answers will be given under
 6    oath, which means that it has the same effect as if you
 7    were testifying before a judge or a jury.  For the
 8    assistance of the court reporter, it's important that
 9    we do not talk over one another.  So I'm going to do my
10    best to allow you to finish speaking before I ask a
11    question, and I ask that you allow me to finish asking
12    a question before you respond.
13              Because this deposition is being
14    transcribed, it is important that answer every question
15    with an audible answer and not simply shake or nod your
16    head.  If at any time you do not understand a question,
17    please tell me and I will attempt to rephrase my
18    question.  If you do answer a question, however, I'm
19    going to assume that you understood the question.
20              If at any time you need a break, please
21    feel free to ask me and we can take a break.
22              Can you please state your full name for
23    the record.
24        A.   Sameer Praveen Sethi.
25        Q.   Is there any reason today why you would not
```

Sameer P. Sethi                                                                    8

1   be able to answer my questions honestly and completely?

2        A.   Per the advise of my counsel, I will be

3   exercising my Fifth Amendment right and not answer

4   that.

5        Q.   Are you currently taking any medications that

6   would impact your ability to recall facts or answer any

7   questions?

8        A.   Per the advice of my counsel, I will be

9   exercising my Fifth Amendment right and not answer

10  that.

11       Q.   Throughout the course of asking these

12  questions, your counsel or other counsel may raise

13  objections or your counsel may give you instructions,

14  for example, to plead the Fifth Amendment right.  Just

15  want to make clear that they can raise objections or

16  instruct you whether or not to answer or whether or not

17  to plead the Fifth Amendment right.  They cannot give

18  you an answer for any question.

19             Are you currently employed?

20       A.   Per the advice of my counsel, I will be

21  exercising my Fifth Amendment right.

22             MR. HAYNES:  To speed it along, do you

23  want to just stipulate that he says Fifth Amendment and

24  it'll be an exact recitation of that, that statement

25  that Mr. Sameer just said?

```
 1                    MR. REED:  He can answer.

 2                    MR. HAYNES:   Okay.

 3        Q.   (BY MR. HAYNES)   What is your current

 4   occupation?

 5        A.   Per the advice of the my counsel, I will be

 6   exercising my Fifth Amendment right.

 7        Q.   Since the appointment of the Receiver, you

 8   have earned income, correct?

 9        A.   Per the advice of my counsel, I will be

10   exercising my Fifth Amendment right.

11        Q.   Since the appointment of the Receiver, you

12   have not reported any of those earnings to the

13   Receiver, correct?

14        A.   Per the advice of my counsel, I will be

15   exercising my Fifth Amendment right.

16        Q.   I noticed earlier when you gave the court

17   reporter your identification that you had a wallet.  Do

18   you have any cash or debit cards in that wallet?

19        A.   Per the advice of my counsel, I will be

20   exercising my Fifth Amendment right.

21        Q.   Would any of that cash -- strike that.

22             That cash would be income to you since

23   the appointment of the Receiver, correct?

24        A.   Per the advice of my counsel, I will be

25   exercising my Fifth Amendment right.
```

```
 1        Q.    Any bank accounts associated with the debit

 2   cards or credit cards in your wallet would contain

 3   income to you since the appointment of the Receiver,

 4   correct?

 5        A.    Per the advice of my counsel, I will be

 6   exercising my Fifth Amendment right.

 7        Q.    I'm going to hand you what I'd like to mark

 8   as Exhibit 1.

 9              (Exhibit No. 1 was marked.)

10        Q.    (BY MR. HAYNES)  At the top of Exhibit 1 is a

11   heading that says Joint Ventures - Contemplated Joint

12   Ventures, and there are 13 bullet point entries under

13   that heading.  Throughout the course of this

14   deposition, I will refer to joint ventures.  I'm

15   providing you this list of those entities so that

16   throughout the course of the deposition, when I refer

17   to joint ventures, I am referring to any or all of

18   these entities.

19              MR. REED:  Is this a list you prepared

20   or is this something in the documents from the

21   corporation?

22              MR. HAYNES:  This is a list that we

23   prepared from documents that we found at Sethi

24   Petroleum's headquarters.

25              MR. REED:  Okay.  So this is something
```

```
 1   y'all prepared as a summary?

 2                   MR. HAYNES:  Correct.

 3                   MR. REED:  Okay.

 4                   MR. HAYNES:  Correct.

 5                   MR. BAKER:   It's also part of the

 6   Receivership estate.

 7                   MR. HAYNES:  Yes, it was -- correction.

 8   This was also included in the motion to clarify what is

 9   under the Receivership order that the Receiver filed,

10   this was attached and --

11                   MR. REED:  Okay.

12                   MR. HAYNES:  -- the Court's order says

13   that these are all Receivership entities that are

14   listed on this.

15                   MR. REED:  Okay.

16                   MR. HAYNES:  On the Exhibit 1.

17      Q.   (BY MR. HAYNES)  Mr. Sethi, you are the

18   former CEO of Sethi Petroleum, correct?

19      A.   Per the advice of my counsel, I will be

20   exercising my Fifth Amendment right.

21      Q.   You were paid a regular salary by Sethi

22   Petroleum, correct?

23      A.   Per the advice of my counsel, I will be

24   exercising my Fifth Amendment right.

25      Q.   And you are the sole owner of Sethi Petroleum
```

Sameer P. Sethi

1    LLC, correct?

2        A.   Per the advice of my counsel, I will be

3    exercising my Fifth Amendment right.

4        Q.   You are the former CEO of Sethi Financial

5    Group, Inc., correct?

6        A.   Per the advice of my counsel, I will be

7    exercising my Fifth Amendment right.

8        Q.   And you have been paid a salary by Sethi

9    Financial Group, Inc., correct?

10            MR. REED:  Per the advice of my counsel,

11   I will be exercising my Fifth Amendment right.

12            (Exhibit No. 2 was marked.)

13       Q.   (BY MR. HAYNES)  I'm handing you Exhibit 2.

14   This is a printout that was produced to the Receiver by

15   Bank of America in response to a subpoena that the

16   Receiver issued for a credit card in the name of Sethi

17   Financial Group, Inc. and Sameer Sethi, individually.

18   On page -- on Page 5 of that document, it says

19   Applicant Detail Record.  Name, Sameer Sethi.  This is

20   your application for a credit card, correct?

21       A.   Per the advice of my counsel, I will be

22   exercising my Fifth Amendment right.

23       Q.   On the last page of this exhibit, about 10

24   lines down it says application received time stamp,

25   January 5th, 2010.  That means you applied for this

1   credit card in January 2010, correct?

2       A.   Per the advice of my counsel, I will be

3   exercising my Fifth Amendment right.

4       Q.   Middle of the page, staying on that same

5   page, it says first cardholder, primary guarantor;

6   first name, Sameer; last name, Sethi; again, indicating

7   that this was your application for a credit card,

8   correct?

9       A.   Per the advice of my counsel, I will be

10  exercising my Fifth Amendment right.

11      Q.   A few lines down, it says your annual salary

12  is $280,000.  Did you make $280,000 as of January 5th,

13  2010 per year?

14      A.   Per the advice of my counsel, I will be

15  exercising my Fifth Amendment right.

16      Q.   As of January 5th, 2010, you did not have an

17  annual salary of $280,000 per year, correct?

18      A.   Per the advice of my counsel, I will be

19  exercising my Fifth Amendment right.

20               (Exhibit No. 3 was marked.)

21      Q.   (BY MR. HAYNES)  I'm handing you Exhibit 3.

22  I've handed you a tax return that is a federal tax

23  return for you, personally, for tax year 2012.  The

24  name on the top says Sameer Sethi.  Is that your Social

25  Security number next to it?

Sameer P. Sethi

14

```
 1        A.   Per the advice of my counsel, I will be

 2   exercising my Fifth Amendment right.

 3        Q.   So this is your tax return, correct?

 4        A.   Per the advice of my counsel, I will be

 5   exercising my Fifth Amendment right.

 6        Q.   On Page 7 of this exhibit, this is a

 7   Schedule C for Sameer Sethi, and it says the name of

 8   the business where income is earned is from Sethi

 9   Financial Group, correct?

10        A.   Per the advice of my counsel, I will be

11   exercising my Fifth Amendment right.

12        Q.   This evidences that you were claiming to the

13   IRS that you received income from Sethi Financial

14   Group, Inc., correct?

15        A.   Per the advice of my counsel, I'm exercising

16   my Fifth Amendment right.

17        Q.   On Page 18 of the tax return --

18             MR. REED:  Sorry.  What page did you

19   say?

20             MR. HAYNES:  18, 1-8.

21             MR. REED:  They're numbered or...

22             MR. BAKER:  No, you've just got to

23   count.

24             MR. HAYNES:  It is towards the back.  It

25   says Auto Expesne Work Sheet at the top.
```

APP000738

```
 1        Q.   (BY MR. HAYNES)  On this 2012 federal tax
 2   return, you assert that you drove 63,450 miles for 2012
 3   on business, correct?
 4        A.   Per the advice of my counsel, I'm exercising
 5   my Fifth Amendment right.
 6        Q.   You didn't really drive 63,450 miles on
 7   business in 2012, did you?
 8        A.   Per the advice of my counsel, I'm exercising
 9   my Fifth Amendment right.
10        Q.   On the first page of that Exhibit 3, it says
11   that your adjusted gross income was $40,283 for tax
12   year 2012.  You had adjusted gross income of more than
13   $40,283 in tax year 2012, correct?
14        A.   Per the advice of my counsel, I'm exercising
15   my Fifth Amendment right.
16        Q.   You exercised control over the entity known
17   as Sethi Operating Company, correct?
18        A.   Per the advice of my counsel, I'm exercising
19   my Fifth Amendment right.
20        Q.   You exercised control over the entity known
21   as Sethi Oil & Gas, Inc., correct?
22        A.   Per the advice of my counsel, I'm exercising
23   my Fifth Amendment right.
24        Q.   You were a decision-maker for each of the
25   joint ventures, again, those entities being listed on
```

Sameer P. Sethi

1   Exhibit 1, correct?

2                   MR. REED:  Just a minute.  I'm going to

3   go ahead and object.  We're getting way outside of the

4   scope of the Receiver's ability that's given in the

5   Receivership order.  Now, I've kind of been lenient as

6   we've been going through this, knowing that he's taking

7   the Fifth Amendment right here.  But as to the ability

8   to ask questions under the authority given to the

9   Receiver under the order, this -- these questions are

10  way outside that -- that -- that authority at this

11  point.

12                  MR. HAYNES:  I disagree but your

13  objection's noted.

14                  MR. RODRIGUEZ:  Also, dovetailing on

15  that objection, I'll make an objection.  My name's

16  Rafael Rodriguez.  I'm appearing on behalf of

17  Mr. Praveen Sethi, who is a nonparty movant in this

18  case against Sameer Sethi and Sethi Petroleum.

19                  I'm objecting on the basis that the

20  questions that are -- have been asked since I have

21  appeared here today are outside the scope of the

22  limited discovery that was permitted by the Court as it

23  relates to Praveen Sethi's Motion to Unfreeze Assets

24  and Shahnaz Sethi's Motion to Unfreeze Assets.

25                  MR. HAYNES:  This deposition is not

```
1    specific to that motion.

2                   MR. REED:  I'm --

3                   MR. RODRIGUEZ:  Object.

4                   MR. REED:  Go ahead.

5                   MR. RODRIGUEZ:  Thank you very much for

6    that, Michael.  Then I'm objecting to any of the

7    testimony that's elicited here today being used against

8    my client or at the hearing related to my clients,

9    Praveen Sethi and Shahnaz Sethi's Motion to Unfreeze

10   Assets.

11                  MR. HAYNES:  Noted.

12                  MR. REED:  Michael, I mean, before -- I

13   mean, because at this point, I'm not seeing a -- a

14   logical, other than harassment here, of how these

15   questions fit within the -- the powers given to the

16   Receiver to conduct this deposition.  Unless you can

17   tell me otherwise, we may need to stop this and seek

18   the Court's guidance then.

19                  MR. HAYNES:  The Receiver has broad

20   powers to investigate the assets, liabilities and

21   transactions that occurred prior to the appointment of

22   the Receiver.  Each of these questions are aimed at

23   either dealing with Praveen Sethi's Motion to Unfreeze

24   Assets or general investigation of assets, liabilities

25   and historical transactions of Sethi Petroleum or the
```

```
 1   related entities.
 2                MR. REED:  Asking him whether a control
 3   person or what doesn't have anything to do with
 4   investigating the liabilities, assets of the
 5   Receivership or state of those entities, does it?
 6                MR. HAYNES:  Yes, I believe it does.
 7                MR. REED:  And how so?
 8                MR. HAYNES:  I just believe it does.
 9   I'm not going to get into a debate with you.  If you
10   want to take it to the judge, we can.  But I'm going to
11   ask my questions.  If he wants to take --
12                MR. REED:  Other than it just seems to
13   be here for harassment otherwise.  I'm mean, if you're
14   going to ask about questions that fall within this
15   authority here, then, you know, we can, you know, have
16   him assert his Fifth Amendment right.  If you're just
17   here to harass him and ask him questions that fall
18   outside, which clearly "are you a control person" and
19   whatnot that you just asked fall outside of that
20   ability, then we're going to need to stop this and take
21   this before the judge.
22                MR. HAYNES:  Each of those entities are
23   Receivership entities.  You're saying that the Receiver
24   of a Recevership entity is not able to ask questions
25   about whether Sameer Sethi was a control person of
```

Sameer P. Sethi

19

```
 1   those entities?

 2                    MR. REED:  Yes.

 3                    MR. HAYNES:  That's your position?

 4                    MR. REED:  Well, if you're going to ask

 5   if he -- if information about accounts, deposits,

 6   testimony about the accounts, properties, liabilities,

 7   then I'm -- we're all ears.

 8                    MR. RODRIGUEZ:  Additionally, Michael,

 9   you just said that this -- the testimony you're trying

10   to get here today relates to the Motions to Unfreeze

11   Assets.  And I just made an objection saying that the

12   questions you're asking here today, I'm objecting to

13   the basis or the fact that they don't relate to the

14   Motions to Unfreeze Assets.  And just let me make sure

15   that I'm clear.  Your response was that this deposition

16   is not about those Motions to Unfreeze Assets.

17                    MR. HAYNES:  No.  My response is, this

18   deposition is not solely about those.

19                    MR. RODRIGUEZ:  So it -- so you do

20   intend to take this deposition also for the purposes or

21   as it relates to the Motions to Unfreeze Assets?

22                    MR. HAYNES:  Correct.

23                    MR. RODRIGUEZ:  Okay.

24                    MR. HAYNES:  I disagree.  I think it's

25   all covered under the Receivership order and the
```

1   Receiver's power to investigate what happened.  If you

2   want to say that we can't go forward, we can take that

3   to the judge.  Otherwise, I'm going to ask my

4   questions.  And if he wants to take the Fifth Amendment

5   right --

6            MR. REED:  I'm going to instruct him not

7   to answer those questions that are outside of the

8   Receivership order.

9            MR. HAYNES:  Understood.  But we'll go

10  through each specific one, and I want you to note your

11  objection and instruct on each specific question.

12           MR. REED:  Okay.

13           MR. HAYNES:  Where were we?

14      Q.   (BY MR. HAYNES)  You made decisions,

15  Mr. Sethi, on how funds invested by investors into a

16  joint venture was spent, correct?

17      A.   Per the advice of my counsel, I'm exercising

18  my Fifth Amendment right.

19      Q.   You were a signatory on every bank account

20  owned by Sethi Petroleum, Sethi Financial Group and

21  each of the joint venture, correct?

22      A.   Per the advice of my counsel, I am exercising

23  my Fifth Amendment right.

24      Q.   Sethi Petroleum and Sethi Financial Group,

25  Inc. are two entities that are treated functionally as

```
 1   one entity, correct?

 2       A.   Per the advice of my counsel, I'm exercising

 3   my Fifth Amendment right.

 4       Q.   Praveen Sethi is your father, correct?

 5       A.   Per the advice of my counsel, I'm exercising

 6   my Fifth Amendment right.

 7       Q.   Praveen Sethi is the former CEO of Sethi

 8   Financial Group, Inc., correct?

 9       A.   Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11       Q.   Praveen Sethi drew a salary from Sethi

12   Financial Group, Inc., correct?

13       A.   Per the advice of my counsel, I'm exercising

14   my Fifth Amendment right.

15            (Exhibit No. 4 was marked.)

16       Q.   (BY MR. HAYNES)  I'm handing you Exhibit 4.

17   I've handed you a tax return that is a federal tax

18   return for Praveen Sethi personally for tax year 2012.

19   On Page 10, Schedule C --

20            MR. RODRIGUEZ:  Is there a page --

21   what's your page reference?

22            MR. HAYNES:  Schedule C, Profit or Loss

23   from Business.

24       Q.   (BY MR. HAYNES)  -- this states that Praveen

25   Sethi received income from Sethi Financial Group, Inc.
```

1    in tax year 2012, correct?

2                    MR. RODRIGUEZ:  Hold on, Michael, just

3    to make sure.  My Schedule C has Shahnaz Sethi's name

4    up here.

5                    MR. HAYNES:  Count 10.  It should be

6    highlighted.

7                    MR. RODRIGUEZ:  Got it.

8        Q.   (BY MR. HAYNES)  I'll re-ask -- restate the

9    question.  This Schedule C, Profit or Loss from

10   Business, shows that Praveen Sethi received income from

11   Sethi Financial Group, Inc. in 2012, correct?

12       A.   Per the advice of my counsel, I'm exercising

13   my Fifth Amendment right.

14                   MR. RODRIGUEZ:  Object to foundation.

15       Q.   (BY MR. HAYNES)  On the next page, Part 4,

16   this states that Praveen Sethi drove 43,400 miles on

17   business for Sethi Financial Group, Inc., correct?

18                   MR. RODRIGUEZ:  Object to foundation.

19                   MR. REED:  Objection, calls for

20   speculation.

21       Q.   (BY MR. HAYNES)  Did you instruct Praveen

22   Sethi to drive 43,400 miles on business?

23                   MR. RODRIGUEZ:  Objection; outside the

24   scope of the discovery related -- as it relates to

25   Praveen Sethi and Shahnaz Sethi's Motion to Unfreeze

1   Assets.

2                   MR. REED:  And I'll object to that.  The

3   question is outside the Receiver's authority under

4   the -- the order dated May 14th, 2015.

5       Q.   (BY MR. HAYNES)  On the first page of the

6   exhibit, it also shows that for tax year 2012, Praveen

7   Sethi's total adjusted gross income for the year was

8   $48,078?

9                   MR. RODRIGUEZ:  Object --

10      Q.   (BY MR. HAYNES)  -- correct?

11                  MR. RODRIGUEZ:  Objection, lacks

12   foundation.

13                  MR. HAYNES:  Please let me finish my

14   question before you assert your objection.

15                  MR. RODRIGUEZ:  Sorry about that,

16   Michael.

17      Q.   (BY MR. HAYNES)  Praveen Sethi is an officer

18   or director of Sethi Petroleum, LLC, correct?

19      A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21      Q.   Praveen Sethi is an officer or director of

22   Sethi Financial Group, Inc., correct?

23                  MR. RODRIGUEZ:  Objection to outside the

24   scope of the discovery as it relates to Praveen and

25   Shahnaz Sethi's Motion to Unfreeze Assets.

Sameer P. Sethi

```
 1        Q.    (BY MR. HAYNES)  Praveen Sethi has authority

 2   to make decisions for Sethi Petroleum, LLC, correct?

 3                  MR. RODRIGUEZ:  Same objection, outside

 4   the scope of the discovery -- limited discovery as it

 5   relates to Praveen and Shahnaz Sethi's Motion to

 6   Unfreeze Assets.

 7                  MR. REED:  And I'll object that the

 8   question's outside the Receiver's authority under the

 9   Court's May 14th, 2015 order.

10        Q.    (BY MR. HAYNES)  Praveen Sethi has authority

11   to make decisions for Sethi Financial Group, Inc.,

12   correct?

13                  MR. RODRIGUEZ:  Same objection I just

14   lodged.

15                  MR. REED:  Object that the question's

16   outside the Court's authority under the May 14th, 2015

17   order -- I mean, the Receiver's authority.  Sorry.

18                  MR. RODRIGUEZ:  Hey, Michael, are you

19   okay if I say "Objection; outside the scope of

20   discovery", that we have an understanding that means

21   outside the scope of the Court's order as it relates to

22   Praveen and Shahnaz Sethi's Motion to Unfreeze Assets?

23                  MR. HAYNES:  Yes.

24                  MR. RODRIGUEZ:  Okay.  Thank you.

25                  MR. HAYNES:  You objected, but he didn't
```

1   answer.

2                   MR. REED:  I'm sorry?

3                   MR. HAYNES:  You objected but he didn't

4   answer.

5                   MR. REED:  To which question?  I'm

6   sorry.

7                   MR. HAYNES:  That Praveen Sethi has

8   authority to make decisions for Sethi Financial Group,

9   Inc.

10                  MR. RODRIGUEZ:  Objection; outside the

11  scope of discovery.

12       A.   Per the advice of my counsel, I am exercising

13  my Fifth Amendment right.

14                  MR. HAYNES:  I don't know that I got an

15  ans- -- I know I got the two objections, but you can

16  relodge them when I reask this question.

17       Q.   (BY MR. HAYNES)  Praveen Sethi has authority

18  to make decisions for Sethi Petroleum, LLC?

19                  MR. RODRIGUEZ:  Objection; outside the

20  scope of discovery.

21                  MR. REED:  I object that it's outside

22  the Receiver's grant of authority under the May 14th,

23  2015 Court's order.

24       A.   Per the advice of my counsel, I'm exercising

25  my Fifth Amendment right.

```
 1        Q.   (BY MR. HAYNES)  Praveen Sethi has made

 2   decisions on behalf of Sethi Petroleum, such as how to

 3   spend money, correct?

 4        A.   Per the advice of my counsel, I'm exercising

 5   my Fifth Amendment right.

 6              MR. RODRIGUEZ:  Objection; lacks

 7   foundation; and objection; outside the scope of

 8   discovery.

 9              MR. HAYNES:  Yeah, on foundation, I

10   don't know that you get to object on foundation.

11   You're not defending the deposition.  You get to object

12   on scope.

13              MR. RODRIGUEZ:  Well, I can object to

14   foundation.  Yeah, I think I can.

15              MR. HAYNES:  Okay.

16              MR. RODRIGUEZ:  I don't think he has the

17   requisite foundation to answer the question, or you

18   haven't established it through the deposition

19   testimony, and so I'm making my objection.

20              MR. HAYNES:  Okay.

21        Q.   (BY MR. HAYNES)  Praveen Sethi has made

22   decisions on behalf of Sethi Petroleum such as whether

23   and how to settle litigation against Sethi Petroleum,

24   correct?

25              MR. RODRIGUEZ:  Objection; outside the
```

```
 1    scope of discovery.

 2         A.   Per the advice of my counsel, I am exercising

 3    my Fifth Amendment right.

 4         Q.   Praveen Sethi was paid a regular salary by

 5    Sethi Petroleum, correct?

 6         A.   Per the advice of my counsel, I'm exercising

 7    my Fifth Amendment right.

 8         Q.   You were paid a regular salary by Sethi

 9    Petroleum, correct?

10         A.   Per the advice of my counsel, I'm exercising

11    my Fifth Amendment right.

12         Q.   You had authority to withdraw funds from bank

13    accounts owned by Sethi Petroleum, LLC, correct?

14         A.   Per the advice of my counsel, I'm exercising

15    my Fifth Amendment right.

16         Q.   Praveen Sethi had authority to withdraw funds

17    from bank accounts owned by Sethi Petroleum, LLC,

18    correct?

19         A.   Per the advice of my counsel, I'm exercising

20    my Fifth Amendment right.

21                   (Exhibit No. 5 was marked.)

22         Q.  (BY MR. HAYNES)  I'm handing you Exhibit 5.

23    Exhibit 5 is a copy of a signature card for a bank

24    account at Bank of America owned by Sethi Petroleum,

25    LLC that was produced to the Receiver in response to a
```

```
 1    subpoena served on Bank of America, LLC.  The first

 2    page of this signature card indicates that Praveen

 3    Sethi is a coowner of the bank account owned by Sethi

 4    Petroleum, LLC, correct?

 5         A.   Per the advice of my counsel, I'm exercising

 6    my Fifth Amendment right.

 7         Q.   Praveen Sethi also had authority to withdraw

 8    money from bank accounts owned by joint ventures,

 9    correct?

10         A.   Per the advice of my counsel, I will be

11    exercising my Fifth Amendment right.

12         Q.   You often withdrew sums of cash in excess of

13    $10,000 from bank accounts owned by Sethi Petroleum and

14    Sethi Financial Group, Inc., correct?

15              MR. REED:  Per the advice of my counsel,

16    I'm exercising my Fifth Amendment right.

17         Q.   (BY MR. HAYNES)  Often, that cash was then

18    deposited into your personal checking account, correct?

19         A.   Per the advice of my counsel, I'm exercising

20    my Fifth Amendment right.

21              (Exhibit Nos. 6 and 7 were marked.)

22              MR. RODRIGUEZ:  Which is going to be 6?

23              MR. HAYNES:  6 is going to be the one on

24    top that --

25              MR. RODRIGUEZ:  Yeah.  Can you just
```

1    identify it for the record somehow?

2              MR. HAYNES:  This is a copy of a

3    checking account withdrawal slip from Bank of America

4    that was produced to the Receiver in response to a

5    subpoena served on Bank of America.

6              Exhibit 7 is a bank statement from

7    American National Bank of Texas that was produced to

8    the Receiver in response to a subpoena served by the

9    receiver on American National Bank.

10       Q.   (BY MR. HAYNES)  Mr. Sethi, on Exhibit 6,

11   this indicates that on October 8th, 2014, you withdrew

12   $25,000 of cash from account ending 7259, correct --

13   I'm sorry -- no, 5759, correct?

14       A.   Per the advice of my counsel, I'm exercising

15   my Fifth Amendment right.

16       Q.   Exhibit 7 reflects that on the next day,

17   October 9th of 2014, you deposited $25,000 of cash into

18   your personal checking account at American National

19   Bank, correct?

20       A.   Per the advice of my counsel, I will be

21   exercising my Fifth Amendment right.

22       Q.   Praveen Sethi regularly withdrew sums of cash

23   in excess of $10,000 from bank accounts owned by Sethi

24   Petroleum, correct?

25              MR. REED:  Objection; calls for

```
 1   speculation.
 2                    MR. RODRIGUEZ:  Objection; lacks
 3   foundation; calls for speculation.
 4       A.   Per the advice of my counsel, I'm exercising
 5   my Fifth Amendment right.
 6       Q.   (BY MR. HAYNES)  You were aware that Sethi --
 7   Praveen Sethi regularly withdrew sums of cash in excess
 8   of $10,000 from bank accounts owned by Sethi Petroleum,
 9   correct?
10       A.   Per the advice of my counsel, I'm exercising
11   my Fifth Amendment right.
12       Q.   Sometimes that cash withdrawn by Praveen
13   Sethi was used to make a payment on credit cards owned
14   by you, personally, correct?
15                    MR. RODRIGUEZ:  Objection; lacks
16   foundation; calls for speculation.
17       A.   Per the advice of my counsel, I'm exercising
18   my Fifth Amendment right.
19                    (Exhibit Nos. 8 and 9 were marked.)
20       Q.   (BY MR. HAYNES)  Exhibit 8 is a copy of a
21   withdrawal slip produced to the Receiver by Bank of
22   America in response to a subpoena served by the
23   Receiver on Bank of America.  Exhibit 8 indicates that
24   on -- or evidences that on March 3rd, 2015, Praveen
25   Sethi withdrew $45,000 from account ending 5759,
```

```
 1   correct?
 2               MR. RODRIGUEZ:  Objection; lacks
 3   foundation; calls for speculation.  Also, Michael,
 4   whose account is this?
 5               MR. HAYNES:  Sethi Petroleum, LLC.
 6               MR. REED:  Same objections.
 7        A.   Per the advice of my counsel, I am exercising
 8   my Fifth Amendment right.
 9        Q.   (BY MR. HAYNES)  Exhibit 9 is a copy of a
10   statement from Bank of America pulled off of Bank of
11   America's website using a login we found at corporate
12   headquarters.  It indicates it is a credit card in the
13   name of Sethi Financial Group, Inc. and Sameer Sethi
14   individually.  On Page 4 of that exhibit, it indicates
15   on March 3rd, 2015, the same day that $45,000 was
16   withdrawn by Praveen Sethi, $45,000 was paid on this
17   credit card at the Texas Banking Center.
18               MR. RODRIGUEZ:  Objection, assumes facts
19   not evidence; calls for speculation.
20               MR. REED:  Same objections.
21        A.   Per the advice of my counsel, I am exercising
22   my Fifth Amendment right.
23        Q.   (BY MR. HAYNES)  The charges for this credit
24   card -- let me strike that.
25               Are you aware of this credit card?
```

Sameer P. Sethi

```
 1        A.    Per the advice of my counsel, I'm exercising

 2   my Fifth Amendment right.

 3        Q.    This is a credit card that you regularly used

 4   to charge personal expenses, correct?

 5        A.    Per the advice of my counsel, I'm exercising

 6   my Fifth Amendment right.

 7        Q.    You had a card issued in your name associated

 8   with this account, correct?

 9        A.    Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11        Q.    Looking at this credit card statement, there

12   are charges here that are not business charges,

13   correct?

14              MR. RODRIGUEZ:  Objection; lacks

15   foundation; calls for speculation.

16        A.    Per the advice of my counsel, I'm exercising

17   my Fifth Amendment right.

18        Q.    (BY MR. HAYNES)  You made these charges on

19   this card, correct?

20        A.    Per the advice of my counsel, I'm exercising

21   my Fifth Amendment right.

22        Q.    Looking at Page 5, I've highlighted a

23   transaction for Nordstrom Rack, $1,284.60.  That was

24   not a business expense, was it?

25              MR. RODRIGUEZ:  Objection; lacks
```

Sameer P. Sethi

1   foundation; calls for speculation.

2        A.   Per the advice of my counsel, I'm exercising

3   my Fifth Amendment right.

4        Q.   (BY MR. HAYNES)  On Page 6, I've highlighted

5   another transaction to Condom Sense of Dallas for

6   $68.09.  That was not a business transaction, correct?

7                  MR. RODRIGUEZ:  Objection -- objection;

8   lacks foundation; calls for speculation.  Also, it's

9   harassing, I think, Michael.

10                 MR. REED:  Same objections.

11                 MR. RODRIGUEZ:  There's a lot of other

12  transactions you could have highlighted here.

13       A.   Per the advice of my counsel, I'm exercising

14  my Fifth Amendment right.

15       Q.   (BY MR. HAYNES)  Other times that Praveen

16  Sethi withdrew cash, he deposited that cash into your

17  personal checking account, correct?

18                 MR. RODRIGUEZ:  Objection; assumes facts

19  not in evidence; lacks foundation; calls for

20  speculation.

21                 MR. REED:  Same objections.

22       A.   Per the advice of my counsel, I am exercising

23  my Fifth Amendment right.

24                 (Exhibit Nos. 10-12 were marked.)

25       Q.   (BY MR. HAYNES)  I'm handing you Exhibits 10

Sameer P. Sethi

1    and 11.  The top one is 10, the next one is 11, the

2    next one is 12.  So, for the record, Exhibit 10 is a

3    copy of a withdrawal slip produced to the Receiver by

4    Bank of America in response to a subpoena issued by the

5    Receiver to Bank of America.

6                        This is a copy of the withdrawal slip

7    for account number 5759 owned by Sethi Petroleum, LLC.

8    Exhibit 11 is a statement of a bank account checking

9    account owned by Sameer Sethi that was produced to the

10   Receiver by American National Bank in reponse to a

11   subpoena issued on American National Bank by the

12   Receiver.

13                       Exhibit 12 is a copy of an American

14   Express credit card statement in the name of Sameer P.

15   Sethi that was produced to the Receiver in response to

16   a subpoena issued by the Receiver to American Express.

17                       Re-ask the question.  Some of the times

18   that Praveen Sethi withdrew cash from Sethi Petroleum,

19   LLC's checking account, he deposited that money into

20   your personal checking account, correct?

21                       MR. RODRIGUEZ:  Objection; assumes facts

22   not evidence; lacks foundation; calls for speculation.

23                       MR. REED:  Same -- same objections.  And

24   I believe this question's been asked before.

25                       MR. HAYNES:  It has.

Sameer P. Sethi

```
 1                    MR. REED:  So you're asking the same

 2   question again?

 3                    MR. HAYNES:  I'm laying foundation.

 4                    MR. REED:  To get the same answer again?

 5                    MR. HAYNES:  Correct.

 6                    MR. REED:  Object to harassment and

 7   asking the same question over and over again.

 8        A.   Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  Mr. Sethi, Exhibit 10

11   indicates that on January 21st, 2015, Praveen Sethi

12   withdrew 27,000 from Sethi Petroleum's LLC's bank

13   account, correct?

14                    MR. RODRIGUEZ:  Objection; calls for

15   speculation; lacks foundation.

16                    MR. REED:  Same objections.

17        A.   Per the advice of my counsel, I'm exercising

18   my Fifth Amendment right.

19        Q.   (BY MR. HAYNES)  Looking at Exhibit 11, it

20   shows that on two days later, on January 23rd, a cash

21   deposit in the same amount, $27,000, was deposited into

22   your personal checking account, correct?

23                    MR. REED:  Objection; calls for

24   speculation.

25        A.   Per the advice of my counsel, I'm exercising
```

APP000759

Sameer P. Sethi

36

```
 1   my Fifth Amendment right.

 2       Q.   (BY MR. HAYNES)  This statement indicates

 3   that a large part of the balance of that account was

 4   used to pay an American Express credit card in the

 5   amount of $15,592.12, correct?

 6              MR. RODRIGUEZ:  Objection; vague.  And

 7   objection; calls for speculation.

 8              MR. REED:  Same objections.

 9       A.   Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11       Q.   (BY MR. HAYNES)  So if we look at Exhibit 12

12   on Page 3, I've highlighted, it shows a payment coming

13   from -- or I'm sorry.  Strike that.  Let me start

14   over.

15              On Page 3 of Exhibit 12, it reflects a

16   payment on your credit card in the exact same amount,

17   which is $15,522.12, correct?

18              MR. RODRIGUEZ:  Objection; assumes facts

19   not in evidence; calls for speculation.

20              MR. REED:  Same objections.

21       A.   Per the advice of my counsel, I'm exercising

22   my Fifth Amendment right.

23       Q.   (BY MR. HAYNES)  Looking at the charges that

24   were made on that card, I've highlighted various

25   transaction such as Molly Maid of DFW on Page 3,
```

APP000760

Sameer P. Sethi

1    Cavender Boot on Page 4, Sheplers on Page 4, Sheplers

2    on Page 4, CVS Pharmacy on Page 4, Cavender's on Page

3    4.   Those are not business expenses, correct?

4         A.   Per the advice of my counsel, I'm exercising

5    my Fifth Amendment right.

6                   MR. RODRIGUEZ:  Objection; lacks

7    foundation.

8                   MR. HAYNES:  Can we take a break?

9                   MR. REED:  Yeah, sure.

10                  (Break was taken from 10:53 a.m.

11                  to 11:03 a.m.)

12                  MR. HAYNES:  In the interest of time and

13   speeding this along, Mr. Rodriguez, I was informed by

14   my esteemed colleague that local rule CV-30 in the

15   Eastern District of Texas limits objections during an

16   oral deposition to "objection, leading"; "objection,

17   form" and no other objections.

18                  MR. RODRIGUEZ:  Awesome.

19                  MR. HAYNES:  So this'll go a lot

20   smoother and faster --

21                  MR. RODRIGUEZ:  Yeah, absolutely.

22                  MR. HAYNES:  -- if you'll limit your

23   objections to that, please.

24                  MR. RODRIGUEZ:  Great.

25                  MR. HAYNES:  Okay.

Sameer P. Sethi

38

```
 1              MR. RODRIGUEZ:  As long as -- as long --

 2   are we on the record?  As long as we can agree that

 3   when I object to form, that includes my objection that

 4   some of the questions you're asking are outside the

 5   scope of the discovery as it relates to the Motions to

 6   Unfreeze Assets.  If not, I'm going to continue to make

 7   that objection.

 8              MR. HAYNES:  I don't know if that's a

 9   valid objection.

10              MR. RODRIGUEZ:  Well, it doesn't matter

11   if you know it or not.  I'm just saying, do you agree

12   that my objection to form covers that or not?  And if

13   not, then I have to make the objection.

14              MR. HAYNES:  I will stipulate that you

15   saying it includes you also making that objection.

16              MR. RODRIGUEZ:  Yeah, that's all I'm

17   saying.

18              MR. HAYNES:  I'm not stipulating that

19   it's a valid objection.

20              MR. RODRIGUEZ:  Yeah.  We can have that

21   agreement.  So when I object to form, it includes my

22   objection that the question that you're asking is

23   outside the scope of discovery as it relates to the

24   Court's order related to Praveen Sethi and Shahnaz

25   Sethi's Motion to Unfreeze Assets.
```

```
 1                      MR. HAYNES:  Okay.

 2                      MR. RODRIGUEZ:  Agreed?  You agree on

 3      that?

 4                      MR. HAYNES:  Agreed.

 5         Q.   (BY MR. HAYNES)  Okay.  I'm handing you

 6      exhibit --

 7                      MR. RODRIGUEZ:  And just for the record,

 8      I was -- I was unaware of that local rule, so my

 9      apologies, Michael, to you.  I was not aware of that

10      rule.

11                      MR. BAKER:  Kendal, you're not getting

12      away.  You made the objections, too.  I'm just

13      kidding.  It's my last day.

14                      (Exhibit Nos. 13-15 were marked.)

15         Q.   (BY MR. HAYNES)  I'm handing you Exhibits 13,

16      14 and 15.  Exhibit 13 is a copy of a withdrawal slip

17      from a bank account owned by Sethi Petroleum, LLC at

18      Bank of America that was produced to the Receiver by

19      Bank of America in response to a subpoena served by the

20      Receiver on Bank of America.

21                      Exhibit 14 is a checking account

22      statement in the name of Sameer P. Sethi produced to

23      the Receiver by American National Bank in response to a

24      subpoena issued by the Receiver to American National

25      Bank.
```

1          Exhibit 15 is a checking account in the

2     name of Praveen Sethi produced to the Receiver by

3     American National Bank in response to a subpoena issued

4     by the Receiver to American National Bank.

5               Mr. Sethi, occasionally or -- strike

6     that.

7               Mr. Sethi, many times, Praveen Sethi

8     withdrew cash from Sethi Petroleum, LLC's bank accounts

9     and deposited it into accounts owned by each of you and

10    Praveen Sethi, correct?

11              MR. RODRIGUEZ:  Objection, form.

12              MR. REED:  Objection, form.

13         A.   Per the advice of my counsel, I'm exercising

14    my Fifth Amendment right.

15         Q.   (BY MR. HAYNES)  Looking at Exhibit 13, this

16    evidences that on December 10th, 2014, Praveen Sethi

17    withdrew $20,000 from Sethi Petroleum, LLC bank account

18    5759, correct?

19              MR. RODRIGUEZ:  Objection, form.

20              MR. REED:  Objection, form.

21         A.   Per the advice of my counsel, I'm exercising

22    my Fifth Amendment right.

23         Q.   (BY MR. HAYNES)  Looking at Exhibit 14 and 15

24    simultaneously, this indicates Exhibit 14, on the next

25    day, December 11th, $10,000 was deposited into the bank

Sameer P. Sethi

```
 1   account of Sameer P. Sethi, correct?

 2                 MR. RODRIGUEZ:  Objection, form.

 3                 MR. REED:  Objection, form.

 4       A.   Per the advice of my counsel, I'm exercising

 5   my Fifth Amendment right.

 6       Q.   (BY MR. HAYNES)  And on Exhibit 15, that same

 7   day, December 11th, $10,000 was deposited into the

 8   personal account of Praveen Sethi, correct?

 9                 MR. RODRIGUEZ:  Objection, form.

10                 MR. REED:  Objection, form.

11       A.   Per the advice of my counsel, I'm exercising

12   my Fifth Amendment right.

13       Q.   (BY MR. HAYNES)  Praveen Sethi regularly

14   moved money from bank accounts owned by Sethi Petroleum

15   and Sethi Financial Group, Inc. to bank accounts owned

16   by Praveen Sethi, individually, correct?

17                 MR. RODRIGUEZ:  Objection, form.

18                 MR. REED:  Objection, form.

19       A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21       Q.   (BY MR. HAYNES)  You're aware of how Praveen

22   Sethi spent the money that was moved to his personal

23   accounts, correct?

24                 MR. RODRIGUEZ:  Objection, form.

25                 MR. REED:  Objection, form.
```

Sameer P. Sethi

```
 1        A.   Per the advice of my counsel, I'm exercising
 2   my Fifth Amendment right.
 3        Q.   (BY MR. HAYNES)  The money that Praveen Sethi
 4   moved to his personal checking account was used to
 5   acquire personal property and real estate, correct?
 6                  MR. RODRIGUEZ:  Objection, form.
 7                  MR. REED:  Objection, form.
 8        A.   Per the advice of my counsel, I'm exercising
 9   my Fifth Amendment right.
10        Q.   (BY MR. HAYNES)  Praveen Sethi has withdrawn
11   funds from bank accounts owned by Sethi Petroleum, LLC
12   and Sethi Financial Group, Inc. to pay personal credit
13   cards owned by Praveen Sethi and Shahnaz Sethi,
14   correct?
15                  MR. RODRIGUEZ:  Objection, form.
16                  MR. REED:  Objection, form.
17        A.   Per the advice of my counsel, I'm exercising
18   my Fifth Amendment right.
19        Q.   (BY MR. HAYNES)  Money is -- was frequently
20   moved from bank accounts owned by joint ventures to
21   bank accounts owned by Sethi Petroleum or Sethi
22   Financial Group, Inc., correct?
23                  MR. RODRIGUEZ:  Objection, form.
24                  MR. REED:  Objection, form.
25        A.   Per the advice of my counsel, I'm exercising
```

1     my Fifth Amendment right.

2                    (Exhibit No. 16 was marked.)

3          Q.   (BY MR. HAYNES)  I'm handing you Exhibit 16.

4     This is an Interoffice Memorandum found at corporate

5     headquarter's records from Michael Davis to Sameer

6     Sethi dated February -- sorry -- February 23rd, 2015.

7     You're familiar with Michael Davis, correct?

8          A.   Per the advice of my counsel, I'm exercising

9     my Fifth Amendment right.

10         Q.   (BY MR. HAYNES)  On February 23rd, 2015,

11    Michael Davis was the CFO of Sethi Petroleum and Sethi

12    Financial Group, Inc., correct?

13         A.   Per the advice of my counsel, I'm exercising

14    my Fifth Amendment right.

15                    MR. RODRIGUEZ:  Objection, form.

16         Q.   (BY MR. HAYNES)  This memorandum that is

17    Exhibit 16 was a Weekly Status Update from Michael

18    Davis to you informing you of the status of various

19    items related to Sethi Petroleum, LLC and Sethi

20    Financial, Group, Inc. correct?

21                    MR. REED:  Objection, form.

22                    MR. RODRIGUEZ:  Objection, form.

23         A.   Per the advice of my counsel, I'm exercising

24    my Fifth Amendment right.

25         Q.   (BY MR. HAYNES)  Looking at Page 3 of

Sameer P. Sethi

44

```
 1    Exhibit 16, I've highlighted a statement in here that

 2    says "Cash situation.  I have moved money from RW and

 3    S12 to cover payroll."  Do you see that statement?

 4        A.   Per the advice of my counsel, I'm exercising

 5    my Fifth Amendment right.

 6        Q.   RW stands for Ragle White and S12 stands for

 7    Sam 1 & 2, the joint ventures, correct?

 8              MR. REED:  Objection, form.

 9              MR. RODRIGUEZ:  Objection, form.

10        A.   Per the advice of my counsel, I'm exercising

11    my Fifth Amendment right.

12        Q.   (BY MR. HAYNES)  Money is frequently moved

13    from a bank account owned by one joint venture to a

14    bank account owned by another joint venture, correct?

15              MR. REED:  Objection, form.

16              MR. RODRIGUEZ:  Objection, form.

17        A.   Per the advice of my counsel, I'm exercising

18    my Fifth Amendment right.

19        Q.   (BY MR. HAYNES)  Sethi Petroleum and Sethi

20    Financial Group, Inc. did not maintain any records of

21    intercompany transfers between bank accounts owned by

22    any of Sethi Petroleum, Sethi Financial Group, Inc. or

23    any joint venture, correct?

24              MR. REED:  Objection, form.

25              MR. RODRIGUEZ:  Objection, form.
```

```
1         A.   Per the advice of my counsel, I'm exercising

2    my Fifth Amendment right.

3         Q.   (BY MR. HAYNES)  The personal home of Praveen

4    Sethi is or was used as corporate headquarters for

5    Sethi Petroleum, LLC, correct?

6                   MR. REED:  Objection, form.

7                   MR. RODRIGUEZ:  Objection, form.

8         A.   Per the advice of my counsel, I'm exercising

9    my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  The personal home of Praveen

11   Sethi is or was used as corporate headquarters for

12   Sethi Financial Group, Inc., correct?

13                  MR. RODRIGUEZ:  Objection, form.

14                  MR. REED:  Objection, form.

15        A.   Per the advice of my counsel, I'm exercising

16   my Fifth Amendment right.

17        Q.   (BY MR. HAYNES)  The personal home of

18   Sethi -- I'm sorry -- of Praveen Sethi is or was used

19   as corporate headquarters for many of the joint

20   ventures, correct?

21                  MR. RODRIGUEZ:  Objection, form.

22                  MR. REED:  Objection, form.

23        A.   Per the advice of my counsel, I'm exercising

24   my Fifth Amendment right.

25        Q.   (BY MR. HAYNES)  Approximately $13 million of
```

Sameer P. Sethi

46

```
1    investor money has been raised by Sethi Petroleum or

2    Sethi Financial Group, Inc., correct?

3                  MR. REED:  Objection, form.

4                  MR. RODRIGUEZ:  Objection, form.

5        A.   Per the advice of my counsel, I'm exercising

6    my Fifth Amendment right.

7        Q.   (BY MR. HAYNES)  Less than $3 million of that

8    investor money was actually spent on the acquisition of

9    mineral interests, correct?

10                 MR. RODRIGUEZ:  Objection, form.

11                 MR. REED:  Objection, form.

12       A.   Per the advice of my counsel, I'm exercising

13   my Fifth Amendment right.

14       Q.   (BY MR. HAYNES)  Less than one million

15   dollars of investor money has actually been returned to

16   investors, correct?

17                 MR. REED:  Objection, form.

18                 MR. RODRIGUEZ:  Objection, form.

19       A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21       Q.   (BY MR. HAYNES)  Less than one million

22   dollars of revenue has been received by Sethi Petroleum

23   or Sethi Financial Group, Inc. attributable to mineral

24   interests that have been acquired, correct?

25                 MR. REED:  Objection, form.
```

```
 1                    MR. RODRIGUEZ:  Objection, form.

 2        A.   Per the advice of my counsel, I'm exercising

 3   my Fifth Amendment right.

 4        Q.   (BY MR. HAYNES)  Approximately $2 million of

 5   investor money was used to pay personal credit cards of

 6   Praveen Sethi, Shahnaz Sethi and Sameer P. Sethi,

 7   correct?

 8                    MR. REED:  Objection, form.

 9                    MR. RODRIGUEZ:  Objection, form.

10        A.   Per the advice of my counsel, I'm exercising

11   my Fifth Amendment right.

12                    (Exhibit No. 17 was marked.)

13        Q.   (BY MR. HAYNES)  I'm handing you Exhibit 17.

14   This is an Internal Memorandum from Michael Davis to

15   you dated September 8th, 2014, correct?

16                    MR. RODRIGUEZ:  Objection, form.

17                    MR. REED:  Objection, form.

18        A.   Per the advice of my counsel, I'm exercising

19   my Fifth Amendment right.

20        Q.   (BY MR. HAYNES)  On Page 1, there is a

21   statement from Michael Davis to you, asking, quote,

22   "Was the 37,000 that was pulled from BoA NDDF for the

23   AMEX bill?  If so, not to sound like Ahmad, we have to

24   stop moving money like that, it will get us into

25   trouble eventually," end quote.  Correct?
```

```
 1                    MR. RODRIGUEZ:  Objection, form.

 2                    MR. REED:  Objection, form.

 3       A.   Per the advice of my counsel, I'm exercising

 4   my Fifth Amendment right.

 5       Q.   (BY MR. HAYNES)  In that statement, BoA

 6   stands for Bank of America, correct?

 7                    MR. REED:  Objection, form.

 8                    MR. RODRIGUEZ:  Objection, form.

 9       A.   Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11       Q.   (BY MR. HAYNES)  And you understand NDDF in

12   that statement stands for North Dakota Drilling Fund,

13   correct?

14                    MR. REED:  Objection, form.

15                    MR. RODRIGUEZ:  Objection, form.

16       A.   Per the advice of my counsel, I'm exercising

17   my Fifth Amendment right.

18       Q.   (BY MR. HAYNES)  Approximately $4 million of

19   investor money has been spent on salaries of employees

20   of Sethi Petroleum or Sethi Financial Group, Inc.,

21   correct?

22                    MR. RODRIGUEZ:  Objection, form.

23                    MR. REED:  Objection, form.

24       A.   Per the advice of my counsel, I'm exercising

25   my Fifth Amendment right.
```

```
 1        Q.    (BY MR. HAYNES)   Those salaries included

 2   telephone marketers employed by Sethi Petroleum or

 3   Sethi Financial Group, Inc. who are responsible for

 4   soliciting investments from third-party investors,

 5   correct?

 6                   MR. REED:  Objection, form.

 7                   MR. RODRIGUEZ:  Objection, form.

 8        A.    Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10                   (Exhibit No. 18 was marked.)

11        Q.    (BY MR. HAYNES)   I'm handing you Exhibit 18.

12   The telemarketers employed by Sethi Petroleum or Sethi

13   Financial Group, Inc. were paid a commission of between

14   12 and 15 percent on all investor money raised,

15   correct?

16                   MR. RODRIGUEZ:  Objection, form.

17                   MR. REED:  Objection, form.

18        A.    Per the advice of my counsel, I'm exercising

19   my Fifth Amendment right.

20        Q.    (BY MR. HAYNES)   This Exhibit 18 is a

21   commission structure for the Bakken Patriot 5-8 signed

22   by you, correct?

23                   MR. RODRIGUEZ:  Objection, form.

24                   MR. REED:  Objection, form.

25        A.    Per the advice of my counsel, I'm exercising
```

Sameer P. Sethi

```
 1    my Fifth Amendment right.

 2        Q.   (BY MR. HAYNES)  And this Exhibit 18 reflects

 3    that the countersigned party would be compensated a

 4    minimum of 12-percent commission for all dollars

 5    raised, correct?

 6              MR. RODRIGUEZ:  Objection, form.

 7              MR. REED:  Objection, form.

 8        A.   Per the advice of my counsel, I'm exercising

 9    my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  The minimum 12-percent

11    commission paid to telephone marketers was in addition

12    to their regular hourly wages, correct?

13              MR. RODRIGUEZ:  Objection, form.

14              MR. REED:  Objection, form.

15        A.   Per the advice of my counsel, I'm exercising

16    my Fifth Amendment right.

17        Q.   (BY MR. HAYNES)  Less than 20 percent of

18    total investor money raised by Sethi Petroleum or Sethi

19    Financial, Group, Inc. was actually spent in the

20    acquisition of mineral interests, correct?

21              MR. RODRIGUEZ:  Objection, form.

22              MR. REED:  Objection, form.  And object,

23    it's outside the scope of the Receivership's order

24    dated May 14, 2015.

25        A.   Per the advice of my counsel, I'm exercising
```

Sameer P. Sethi

```
 1   my Fifth Amendment right.

 2       Q.   (BY MR. HAYNES)  You provided a script to the

 3   telemarketing employees to use during their sales

 4   calls, correct?

 5                 MR. RODRIGUEZ:  Objection, form.

 6                 MR. REED:  I'm going to object.  This is

 7   outside the scope of the May 14, 2015 Receivership

 8   powers granted by the Court.  Instruct the client not

 9   to answer.

10                 MR. HAYNES:  So you're instructing not

11   to answer?

12                 MR. REED:  Yes.

13                 MR. HAYNES:  Okay.

14                 (Exhibit No. 19 was marked.)

15       Q.   (BY MR. HAYNES)  I'm handing you Exhibit 19.

16   This is a document -- I will represent to you, this is

17   a document we found in your office with what appears to

18   be telephone scripts.  I have tabbed a page that is 13

19   pages in and highlighted.  I've highlighted the part

20   that says quote, "Because of current market conditions,

21   our investors are seeing over 40 percent incredible

22   returns and are capitalizing on some tax benefits,"

23   correct?

24                 MR. RODRIGUEZ:  Objection, form.

25                 MR. REED:  Objection that this
```

Sameer P. Sethi

```
 1   questioning, this whole line of questioning is outside

 2   of the Receivership's powers granted in the

 3   May 14, 2015 order that only gives the Receiver power

 4   to ask as to the accounts, properties, liabilities or

 5   employees of the Receivership estate.  Therefore, I'm

 6   instructing the witness not to answer the question or

 7   any questions in this line of questioning.

 8            MR. HAYNES:  Okay.

 9       Q.   (BY MR. HAYNES)  The other two highlighted

10   parts on page -- that same page under C, and on the

11   next page, A, did you give those instructions to the

12   telemarketing employees of Sethi Petroleum, Inc. or

13   Sethi Financial Group, Inc.

14            MR. RODRIGUEZ:  Object.  Sorry.  Sethi

15   Petroleum.

16       Q.   (BY MR. HAYNES)  Strike that.  Sethi

17   Petroleum.  I'm sorry.  I got the wrong word.  Let me

18   rephrase that question.  On that page and the next

19   page, which would be Page, I believe, 13 and 14, C and

20   D -- or C and A that are highlighted, did you give the

21   telemarketing employees of Sethi Petroleum, LLC or

22   Sethi Financial Group, Inc. instructions to make these

23   representations to investors?

24            MR. RODRIGUEZ:  Objection, form.

25            MR. REED:  Objection, form.  And I
```

 1    object that this line of questioning is harassing and

 2    outside the scope of the Receivership's powers granted

 3    under the May 14, 2015 order and instruct the witness

 4    not to answer.

 5         Q.   (BY MR. HAYNES)  Not only were there written

 6    instructions, but you also specifically instructed

 7    sales personnel orally to represent to investors that

 8    they would receive at least a 40 percent return on

 9    their investment, correct?

10              MR. REED:  Objection, form.

11              MR. REED:  How many of these do we have,

12    Michael?  Do we just need to, I mean, stop the

13    deposition here because this is getting harassing.

14    It's outside the scope of the Receivership order.

15    Unless you can show me how it fits within that, this is

16    just getting to the point of harassment.

17              MR. HAYNES:  Any claims that Sethi

18    Petroleum, LLC may have against Sameer Sethi is an

19    asset of the Receivership estate.  We are entitled to

20    investigate assets of the Receivership estate.

21              MR. REED:  I think that's an overly

22    broad reading of this order, and it's a harassing line

23    of questioning.  You're here to ask about the accounts,

24    properties, liabilities.  And as it was represented to

25    me when you started this whole request for his

```
 1    deposition was in line for the freeze -- the unfreeze

 2    motions by Praveen and his wife.  We've gone way

 3    outside of that at this point.

 4              MR. HAYNES:  Let me see how many I've

 5    got here left.  These all relate to the operations.

 6    I've got about five more questions on the assets and I

 7    have -- well, I'll just ask my questions and if at some

 8    point you decide you want to take it to the judge, we

 9    can.

10              MR. REED:  Well, if you've got questions

11    about assets but not about representations made or as

12    to instructions made here, then -- then we're not going

13    to do those.  But if you've got questions about assets

14    that fall within the scope of this order, then we can

15    do those.

16              MR. HAYNES:  I think they all do.  I'm

17    going to ask my questions.  If you want to shut it

18    down, you can.

19              MR. REED:  Okay.

20              MR. HAYNES:  And we'll decide where to

21    go from there.

22              MR. REED:  Okay.

23       Q.   (BY MR. HAYNES)  No Sethi entity has acquired

24    any mineral interests since August of 2014, correct?

25              MR. RODRIGUEZ:  Objection, form.
```

```
 1        A.   Per the advice of my counsel, I'm exercising

 2   my Fifth Amendment right.

 3        Q.   (BY MR. HAYNES)  Yet, approximately $1.5

 4   million has been raised from investors since that last

 5   acquisition in August of 2014, correct?

 6              MR. RODRIGUEZ:  Objection, form.

 7              MR. REED:  Objection, form.

 8        A.   Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  At the time the Receiver was

11   appointed, Sethi Petroleum, Inc., Sethi Financial

12   Group, Inc. and all of the joint ventures combined had

13   less than $100,000 in cash, correct?

14              MR. RODRIGUEZ:  Objection, form.

15              MR. REED:  Objection, form.

16        A.   Per the advice of my counsel, I'm exercising

17   my Fifth Amendment right.

18        Q.   (BY MR. HAYNES)  That means 100 percent of

19   the investor money in excess of that $100,000 was spent

20   on something other than the acquisition of mineral

21   interests, correct?

22              MR. RODRIGUEZ:  Objection, form.

23              MR. REED:  Objection, form.

24        A.   Per the advice of my counsel, I'm exercising

25   my Fifth Amendment right.
```

Sameer P. Sethi

```
 1        Q.   (BY MR. HAYNES)  In fact, other than that

 2   approximately $100,000, 100 percent of the investor

 3   money received since the last acquisition of mineral

 4   interests was spent on operating expenses and transfers

 5   to insiders, correct?

 6                   MR. REED:  Objection, form.

 7                   MR. RODRIGUEZ:  Objection, form.

 8        A.   Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  Employees of Sethi Petroleum

11   or Sethi Financial Group, Inc. solicited money from the

12   investors with knowledge that those investors would not

13   be paid back, correct?

14                   MR. REED:  Objection, form.

15                   MR. RODRIGUEZ:  Objection, form.

16        A.   Per the advice of my counsel, I'm exercising

17   my Fifth Amendment right.

18        Q.   (BY MR. HAYNES)  Employees of Sethi

19   Petroleum, LLC or Sethi Financial Group, Inc.,

20   solicited money from investors with actual intent to

21   defraud those investors out of their money, correct?

22                   MR. REED:  Objection, form.

23                   MR. RODRIGUEZ:  Objection, form.

24        A.   Per the advice of my counsel, I'm exercising

25   my Fifth Amendment right.
```

```
 1                  (Exhibit No. 20 was marked.)

 2        Q.   (BY MR. HAYNES)  I'm handing you Exhibit 20.

 3   This is an Interoffice Memorandum from Michael Davis to

 4   you, dated February 16, 2015.  Direct your attention to

 5   Page 2.  Well, first, do you recall receiving this

 6   memo?

 7        A.   Per the advice of my counsel, I'm exercising

 8   my Fifth Amendment right.

 9        Q.   (BY MR. HAYNES)  This memo is regarding,

10   quote, "Operational Review," close quote, correct?

11                  MR. REED:  Objection, form.

12                  MR. RODRIGUEZ:  Objection, form.

13        A.   Per the advice of my counsel, I'm exercising

14   my Fifth Amendment right.

15        Q.   (BY MR. HAYNES)  Direct your attention to

16   Page 2, the highlighted portion that reads, quote,

17   "Diane is good for now" close quote.  Do you

18   understand Diane to be the investor relations person

19   employed by Sethi Petroleum, LLC?

20                  MR. RODRIGUEZ:  Objection, form.

21        A.   Per the advice of my counsel, I am exercising

22   my Fifth Amendment right.

23        Q.   (BY MR. HAYNES)  Continuing with that

24   statement, it says, quote "She, for the most part, will

25   say what we need said, but will not lie to the
```

APP000781

```
 1   investors.  She feels very uncomfortable with not being

 2   completely transparent, so I would agree that we would

 3   limit what information Diane is made aware of."

 4              Do you see that statement?

 5        A.   Per the advice of my counsel, I'm exercising

 6   my Fifth Amendment right.

 7        Q.   (BY MR. HAYNES)  Did you understand that

 8   statement to mean that Sethi Petroleum, LLC was

 9   intentionally withholding information from investors?

10              MR. RODRIGUEZ:  Objection, form.

11              MR. REED:  Objection, form.

12        A.   Per the advice of my counsel, I'm exercising

13   my Fifth Amendment right.

14        Q.   (BY MR. HAYNES)  At the time money was

15   solicited from investors, prospective investors were

16   told that at least 75 percent of their investment would

17   be spent on the acquisition of mineral interests,

18   correct?

19              MR. RODRIGUEZ:  Objection, form.

20              MR. REED:  Objection, form.  I also

21   object that this question's outside the scope of the

22   Receivership's granted authority in the May 14, 2015

23   order and instruct the witness not to answer.

24              (Exhibit No. 21 was marked.)

25        Q.   (BY MR. HAYNES)  I'm handing you Exhibit 21.
```

```
 1   On Page 41 -- I'll show you my copy.

 2                 MR. REED:  Which page?

 3                 MR. HAYNES:  It's highlighted.  About

 4   halfway through the packet.

 5                 MR. RODRIGUEZ:  Is there any other kind

 6   of other identification at the bottom we can refer to?

 7   Is there a Bates label?

 8                 MR. HAYNES:  Bates label 014006.

 9       Q.   (BY MR. HAYNES)  Mr. Sethi, I've handed you

10   the Offering Memorandum from Bakken Patriot 3 & 4 Joint

11   Venture.  On Page 41 which is Bates labeled at the

12   bottom ending in 014006, under the heading "Use of

13   Proceeds", it states that "The venture will use the

14   initial joint venture capitalization proceeds for

15   initial operations, which include acquisition of an

16   interest in each of the prospect wells for the benefit

17   of the venture, payment of the venture's cost to drill

18   or reenter test, and if warranted, to complete each of

19   the prospect wells in one potentially productive zone.

20   Payment of all organizational costs relating to the

21   formation of the venture and payment of a one-time

22   management fee to the managing venturer," correct?

23                 MR. RODRIGUEZ:  Objection, form.

24                 MR. REED:  Objection, form.  I also

25   object that it's outside the scope of the May 14, 2015
```

```
 1   Receivership order.

 2        Q.   (BY MR. HAYNES)  On the next page that ends

 3   Bates label 014007, under the heading of Compensation

 4   of Managing Venturer, it states, "We will receive a

 5   one-time management fee in an amount equal to 20

 6   percent of the aggregate amount contributed by the

 7   venturers for the purchase of units less any applicable

 8   placement agent fees," correct?

 9                  MR. RODRIGUEZ:  Objection, form.

10                  MR. REED:  Objection, form.

11        A.   Per the advice of my counsel, I am exercising

12   my Fifth Amendment right.

13        Q.   (BY MR. HAYNES)  That Offering Memorandum

14   indicates that investors were told as to that joint

15   venture only 20 percent of their investment would be

16   used on something other than the acquisition of mineral

17   interests, correct?

18                  MR. RODRIGUEZ:  Objection, form.

19                  MR. REED:  Objection, form.  I also

20   object that it's outside the scope of the May 14, 2015

21   Receivership order.  And I'll instruct the witness not

22   to answer.

23        Q.   (BY MR. HAYNES)  Money from investors that

24   went to Sethi Petroleum, Sethi Financial Group or any

25   of the joint ventures was transferred to Sambina
```

1    Properties, Sambina Brookview Center, Sambina Homes and

2    Sambina Trust, correct?

3                    MR. RODRIGUEZ:  Objection, form.

4                    MR. REED:  Objection, form.

5       A.   Per the advice of my counsel, I am exercising

6    my Fifth Amendment right.

7       Q.   (BY MR. HAYNES)  Sambina Properties, Sambina

8    Brookview Center, Sambina Homes and Sambina Trust are

9    each entities that are owned and controlled by Praveen

10   Sethi, correct?

11                   MR. RODRIGUEZ:  Objection, form.

12                   MR. REED:  Objection, form.

13      A.   Per the advice of my counsel, I am exercising

14   my Fifth Amendment right.

15      Q.   (BY MR. HAYNES)  Transfers from Sethi

16   Petroleum, LLC, Sethi Financial Group, Inc. or a joint

17   venture to those entities, those Sambina entities, were

18   not arm's length transactions, correct?

19                   MR. RODRIGUEZ:  Objection, form.

20                   MR. REED:  Objection, form.

21      A.   Per the advice of my counsel, I am exercising

22   my Fifth Amendment right.

23      Q.   (BY MR. HAYNES)  The Sambina entities are

24   insiders of Sethi Petroleum, LLC, Sethi Financial,

25   Group, Inc. and the joint ventures, correct?

```
 1                    MR. RODRIGUEZ:  Objection, form.

 2                    MR. REED:  Objection, form.

 3        A.   Per the advice of my counsel, I am exercising

 4   my Fifth Amendment right.

 5        Q.   (BY MR. HAYNES)  The Sambina entities did not

 6   provide value to Sethi Financial Group, Inc., Sethi

 7   Petroleum, LLC or the joint ventures in exchange for

 8   those transfers, correct?

 9                    MR. RODRIGUEZ:  Objection, form.

10                    MR. REED:  Objection, form.

11        A.   Per the advice of my counsel, I'm exercising

12   my Fifth Amendment right.

13        Q.   (BY MR. HAYNES)  The funds of Sethi

14   Petroleum, Sethi Financial Group, Inc., Sethi Oil & Gas

15   Company, Sethi Operating Company and each of the joint

16   ventures were all commingled, correct?

17                    MR. REED:  Objection, form.

18                    MR. RODRIGUEZ:  Objection, form.

19        A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21        Q.   (BY MR. HAYNES)  None of Sethi Petroleum,

22   Sethi Financial Group, Inc., Sethi Oil & Gas Company,

23   Sethi Operating Company or any of the joint ventures

24   were treated as separate companies, correct?

25                    MR. RODRIGUEZ:  Objection, form.
```

```
 1                      MR. REED:  Objection, form.
 2        A.   Per the advice of my counsel, I'm exercising
 3   my Fifth Amendment right.
 4        Q.   (BY MR. HAYNES)  Sethi Petroleum, Sethi
 5   Financial Group, Inc., Sethi Oil & Gas Company, Sethi
 6   Operating Company and all of the joint ventures were
 7   treated as one company or one enterprise, correct?
 8                      MR. REED:  Objection, form.
 9                      MR. RODRIGUEZ:  Objection, form.
10        A.   Per the advice of my counsel, I'm exercising
11   my Fifth Amendment right.
12        Q.   (BY MR. HAYNES)  That consolidated enterprise
13   does not and has not ever earned enough revenue from
14   the acquisition of mineral interests to pay operating
15   expenses of the enterprise, correct?
16                      MR. RODRIGUEZ:  Objection, form.
17                      MR. REED:  Objection, form.
18        A.   Per the advice of my counsel, I'm exercising
19   my Fifth Amendment right.
20        Q.   (BY MR. HAYNES)  That enterprise is and
21   always was insolvent, correct?
22                      MR. RODRIGUEZ:  Objection, form.
23                      MR. REED:  Objection, form.
24        A.   Per the advice of my counsel, I'm exercising
25   my Fifth Amendment right.
```

Sameer P. Sethi

```
 1        Q.   (BY MR. HAYNES)  The sum of that enterprise's

 2   debts has always been greater than the sum of all of

 3   the enterprise's assets at a fair valuation, correct?

 4                MR. REED:  Objection, form.

 5                MR. RODRIGUEZ:  Objection, form.

 6        A.   Per the advice of my counsel, I'm exercising

 7   my Fifth Amendment rights.

 8        Q.   (BY MR. HAYNES)  That enterprise was not

 9   paying its debts as they became due, correct?

10                MR. RODRIGUEZ:  Objection, form.

11                MR. REED:  Objection, form.

12        A.   Per the advice of my counsel, I'm exercising

13   my Fifth Amendment rights.

14        Q.   (BY MR. HAYNES)  The enterprise has never

15   earned enough revenue from its owned mineral interests

16   to pay operating expenses of the enterprise, correct?

17                MR. RODRIGUEZ:  Objection, form.

18                MR. REED:  Objection, form.

19        A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21        Q.   (BY MR. HAYNES)  The only way to keep the

22   enterprise operational was by raising new money from

23   investors, correct?

24                MR. RODRIGUEZ:  Objection, form.

25                MR. REED:  Objection, form.
```

APP000788

Sameer P. Sethi

65

```
 1        A.   Per the advice of my counsel, I'm exercising

 2   my Fifth Amendment right.

 3                  MR. HAYNES:  Last page.

 4        Q.   (BY MR. HAYNES)  Purchases that were made on

 5   the various personal credit cards of you or Praveen or

 6   Shahnaz Sethi were not for Sethi Petroleum

 7   business-related transactions, correct?

 8                  MR. RODRIGUEZ:  Objection, form.

 9                  MR. REED:  Objection, form.

10        A.   Per the advice of my counsel, I'm exercising

11   my Fifth Amendment right.

12        Q.   (BY MR. HAYNES)  Are you familiar with an

13   entity named Cambrian Resources?

14        A.   Per the advice of my counsel, I'm exercising

15   my Fifth Amendment right.

16        Q.   Cambrian Resources is an entity that is

17   the -- in the same line of business as Sethi Petroleum

18   was in, correct?

19                  MR. RODRIGUEZ:  Objection, form.

20                  MR. REED:  Objection, form.

21        A.   Per the advice of my counsel, I'm exercising

22   my Fifth Amendment right.

23        Q.   (BY MR. HAYNES)  You are affiliated with

24   Cambrian Resources, correct?

25                  MR. RODRIGUEZ:  Objection, form.
```

APP000789

Sameer P. Sethi

```
 1                    MR. REED:  Objection, form.

 2       A.   Per the advice of my counsel, I'm exercising

 3   my Fifth Amendment right.

 4       Q.   (BY MR. HAYNES)  You have received income

 5   from Cambrian Resources, correct?

 6                    MR. REED:  Objection, form.

 7                    MR. RODRIGUEZ:  Objection, form.

 8       A.   Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10                    MR. RODRIGUEZ:  What's the spelling of

11   the...

12                    MR. HAYNES:  C-A-M-B-R-I-A-N.

13       Q.   (BY MR. HAYNES)  Cambrian Resources is

14   engaged in solicitation of investments for purposes of

15   investing in mineral interests, correct?

16                    MR. RODRIGUEZ:  Objection, form.

17                    MR. REED:  Objection, form.

18       A.   Per the advice of my counsel, I'm exercising

19   my Fifth Amendment right.

20       Q.   (BY MR. HAYNES)  Cambrian Resources is owned

21   or controlled by persons that were affiliated with

22   Sethi Petroleum, correct?

23                    MR. RODRIGUEZ:  Objection, form.

24                    MR. REED:  Objection, form.

25       A.   Per the advice of my counsel, I'm exercising
```

Sameer P. Sethi

1    my Fifth Amendment right.

2         Q.   (BY MR. HAYNES)  Since May 2015, you have

3    solicited employees to work on behalf of Cambrian

4    Resources, correct?

5                   MR. RODRIGUEZ:  Objection, form.

6                   MR. REED:  Objection, form.

7         A.   Per the advice of my counsel, I'm exercising

8    my Fifth Amendment right.

9         Q.   (BY MR. HAYNES)  Since May 2015, you have

10   solicited salespersons to work on behalf of Cambrian

11   Resources, correct?

12                  MR. REED:  Objection, form.

13                  MR. RODRIGUEZ:  Objection, form.

14        A.   Per the -- per the advice of my counsel, I'm

15   exercising my Fifth Amendment right.

16        Q.   (BY MR. HAYNES)  Since May 2015, you have

17   participated in the issuance, purchase, offer or sell

18   of a security, correct?

19                  MR. REED:  Objection, form.

20                  MR. RODRIGUEZ:  Objection, form.  I

21   object that this line of questioning's outside the

22   May 14, 2015 Receivership order.  Instruct the client

23   not to answer.

24        Q.   (BY MR. HAYNES)  Since May 2015, you have

25   participated in the issuance, purchase, offer or sale

```
 1   of an interest in a joint venture, correct?

 2              MR. RODRIGUEZ:  Objection, form.

 3              MR. REED:  Object, form.  And object

 4   that the question's outside the scope of the Receiver's

 5   powers under the May 14, 2015 order appointing Receiver

 6   and instruct the witness not to answer.

 7      Q.   (BY MR. HAYNES)  Since May of 2014, have you

 8   made any untrue statement of a material fact in order

 9   to raise money?

10              MR. RODRIGUEZ:  Objection, form.

11              MR. REED:  Objection, form.

12      A.   Per the advice of my counsel, I'm exercising

13   my Fifth Amendment right.

14      Q.   (BY MR. HAYNES)  Have you used Sethi

15   Petroleum or any related entities to obtain money or

16   credit by false pretenses, false representations or

17   material false statements?

18              MR. RODRIGUEZ:  Objection, form.

19      A.   Per the advice of my counsel, I'm exercising

20   my Fifth Amendment right.

21      Q.   (BY MR. HAYNES)  You have committed fraud

22   while acting in a fiduciary capacity, correct?

23              MR. RODRIGUEZ:  Objection, form.

24              MR. REED:  Objection, form.  And I

25   object that that question falls outside the scope of
```

Sameer P. Sethi

1    the Receivership's authority under the -- the

2    Receiver's authority under the May 14th, 2015

3    Receivership order and instruct the witness not to

4    answer.

5         Q.   (BY MR. HAYNES)  Have you ever committed

6    fraud while acting in a fiduciary capacity?

7              MR. REED:  Objection, form.

8              MR. RODRIGUEZ:  Objection, form.

9         A.   Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11        Q.   (BY MR. HAYNES)  Have you ever used Sethi

12   Petroleum to embezzle funds?

13             MR. RODRIGUEZ:  Objection, form.

14             MR. REED:  Objection, form.

15        A.   Per the advice of my counsel, I'm exercising

16   my Fifth Amendment right -- Fifth Amendment right.

17        Q.   (BY MR. HAYNES)  Do you believe your actions

18   to have caused willful injury to investors of Sethi

19   Petroleum?

20             MR. RODRIGUEZ:  Objection, form.

21             MR. REED:  Objection, form.

22        A.   Per the advice of my counsel, I'm exercising

23   my Fifth Amendment right.

24        Q.   (BY MR. HAYNES)  Do you know John Webber?

25             MR. RODRIGUEZ:  Objection, form.

APP000793

Sameer P. Sethi

```
 1        A.   Per the advice of my counsel, I'm exercising

 2   my Fifth Amendment right.

 3        Q.   (BY MR. HAYNES)  Have you communicated with

 4   John Webber about Sethi Petroleum since the appointment

 5   of the Receiver?

 6             MR. RODRIGUEZ:  Objection, form.

 7             MR. REED:  Objection, form.

 8        A.   Per the advice of my counsel, I'm exercising

 9   my Fifth Amendment right.

10        Q.   (BY MR. HAYNES)  Have you communicated with

11   John Webber about anything since the appointment of the

12   Receiver?

13             MR. RODRIGUEZ:  Objection, form.

14        A.   Per the advice of my counsel, I'm exercising

15   my Fifth Amendment right.

16             MR. HAYNES:  Okay.  Let's take a quick

17   break, see if there's any follow-up questions and we

18   should be done in about 10 minutes.

19             MR. REED:  Okay.

20             (Break was taken from 11:44 a.m.

21             to 11:55 a.m.)

22        Q.   (BY MR. HAYNES)  Just a handful of follow-up

23   questions and we'll conclude.

24             Mr. Sethi, are you familiar with the

25   Motion to Unfreeze Funds in Bank Accounts that was
```

```
 1   filed by Praveen and Shahnaz Sethi.

 2              MR. REED:  Objection, form.

 3      A.   Per the advice of my counsel, I'm exercising

 4   my Fifth Amendment rights.

 5      Q.   (BY MR. HAYNES)  The money in those accounts

 6   is traceable to the Receivership estate, correct?

 7              MR. RODRIGUEZ:  Objection, form.

 8              MR. REED:  Objection, form.

 9      A.   Per the advice of my counsel, I'm exercising

10   my Fifth Amendment right.

11      Q.   (BY MR. HAYNES)  Since May of 2015, you have

12   told prospective employees of Cambrian Resources that

13   you've settled with the SEC, correct?

14              MR. REED:  Objection form.

15              MR. RODRIGUEZ:  Objection, form.

16      A.   Per the advice of my counsel, I am taking my

17   Fifth Amendment right.

18      Q.   (BY MR. HAYNES)  You are doing today for

19   Cambrian Resources what you previously did for Sethi

20   Petroleum, correct?

21              MR. RODRIGUEZ:  Objection, form.

22              MR. REED:  Objection, form; and object

23   that that question's outside the scope of the

24   Receivership's powers in the May 14, 2015 Receivership

25   order and instruct the witness not to answer.
```

Sameer P. Sethi                                                                                      72

1        Q.   (BY MR. HAYNES)  You have told, since May

2   2015, prospective sellers of mineral interests that you

3   have millions of dollars to invest in mineral

4   interests, correct?

5                MR. RODRIGUEZ:  Objection, form.

6                MR. REED:  Objection, form.

7        A.   Per my counsel's advice, I am exercising my

8   Fifth Amendment right.

9        Q.   (BY MR. HAYNES)  You are an officer or

10   principal of Cambrian Resources, correct?

11                MR. RODRIGUEZ:  Objection, form.

12                MR. REED:  Objection, form.

13        A.   Per my counsel's advice, I'm taking my Fifth

14   Amendment right.

15                MR. HAYNES:  Pass the witness.

16                MR. REED:  We'll reserve.

17                MR. HAYNES:  Okay.  Thank you.

18                (Off the record at 12:03 p.m.)

19                MR. HAYNES:  Okay.  We are back on the

20   record.  Just want to announce an agreement, see if I

21   can get an agreement between counsel for Mr. Sethi and

22   counsel for Praveen and Shahnaz Sethi.

23                Some of the exhibits that we shared with

24   you contain personally-identifiable information of your

25   clients. For example, Praveen and Shahnaz, it would

```
 1    have their address and their Social Security number on

 2    that tax return.  It would have Sameer's personal

 3    address and -- and social security number on his tax

 4    return.

 5              And we just want the agreement of all

 6    the parties, we are going to keep that confidential and

 7    not share it with anybody but you.  We will not publish

 8    it, and it'll all be redacted to the extent the

 9    transcript goes before the Court and want your

10    agreement that you will also keep that confidential.

11              MR. REED:  That's fine with me.

12              MR. RODRIGUEZ:  You -- I'm totally in

13    agreement with you keeping it confidential.  When you

14    say for me to keep my client's information

15    confidential --

16              MR. HAYNES:  Well, to the extent --

17              MR. RODRIGUEZ:  -- why do you -- why do

18    you need that agreement from me?

19              MR. HAYNES:  To the extent you have

20    Sameer's Social Security number in there, I don't want

21    you to disclose it to somebody, other than -- you know,

22    I mean, you guys.

23              MR. REED:  Other than our own client?

24              MR. HAYNES:  Yeah, other than your own

25    clients and --
```

Sameer P. Sethi                                                                74

```
 1                    MR. RODRIGUEZ:  Absolutely agreeable

 2     with that.

 3                    MR. HAYNES:  -- you guys obviously

 4     communicate with each other and your clients

 5     communicate with each other.  I just don't want it

 6     getting out to somebody else.

 7                    MR. RODRIGUEZ:  The public.

 8                    MR. HAYNES:  To the public, correct.

 9                    MR. PYEATT:  Do we want to agree about

10     all the discovery that we produced as well, 'cause, I

11     mean, all this is in there.

12                    MR. HAYNES:  That would be --

13                    MR. RODRIGUEZ:  The discovery, it's not

14     going to be --

15                    MR. HAYNES:  There's --

16                    MR. RODRIGUEZ:  If you and I want to

17     agree that for -- for any of my clients' personal

18     information, such as his date of birth, Social

19     Security, address -- home address, any address, that

20     that will be redacted or kept confidential in any

21     hearings that we have or anything that is going to be a

22     public record, I -- I would like that agreement.

23                    MR. HAYNES:  Yes.

24                    MR. RODRIGUEZ:  Okay.

25                    MR. HAYNES:  And it would apply also
```

```
 1   because we did share with Mr. Reed, Sameer's counsel,

 2   that he got a copy of that, so he will be keeping it

 3   confidential as well, obviously.  We all -- none of us

 4   want their personally-identifiable information getting

 5   out into the -- into the public sphere.  Everybody's

 6   agreed?

 7                  MR. RODRIGUEZ:  Agreed.

 8                  MR. REED:  That's fine, yeah.

 9                  MR. HAYNES:  Okay.  Thank you.  We can

10   go off the record.

11                  (End of proceedings at 12:08 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    CORRECTIONS AND SIGNATURE

2    PAGE/LINE         CORRECTION            REASON FOR CHANGE

3    _____

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15       I, SAMEER P. SETHI, have read the foregoing
     deposition and hereby affix my signature that same is
16   true and correct except as noted herein.

17

18                           _____
                             SAMEER P. SETHI
19                           CA# 4:15-cv-338

20   STATE OF _____ )
         Subscribed and sworn to before me by the said
21   witness, SAMEER P. SETHI, on this the _____ day of
     _____,  2015.
22

23                           _____
                             NOTARY PUBLIC IN AND FOR
24                           THE STATE OF _____

25   My Commission Expires: _____

Sameer P. Sethi

```
 1   STATE OF TEXAS )

 2       I, Terri Garcia, a Certified Shorthand Reporter in

 3   and for the State of Texas, do hereby certify that,

 4   pursuant to the agreement hereinbefore set forth, there

 5   came before me on the 4th day of December, A.D., 2015,

 6   at 10:11 a.m., at the offices of Anderson Tobin, PLLC,

 7   located at 13355 Noel Road, Suite 1900, in the City of

 8   Dallas, State of Texas, the following named person, to

 9   wit:  SAMEER P. SETHI, who was by me duly cautioned and

10   sworn to testify the truth, the whole truth and nothing

11   but the truth, of his knowledge touching and concerning

12   the matters in controversy in this cause; and that he

13   was thereupon carefully examined upon his oath, and his

14   examination was reduced to writing under my

15   supervision; that the deposition is a true record of

16   the testimony given by the witness, same to be sworn to

17   and subscribed by said witness before any Notary

18   Public, pursuant to the agreement of the parties.

19       I further certify that I am neither attorney or

20   counsel for, nor related to or employed by, any of the

21   parties to the action in which this deposition is

22   taken, and further that I am not a relative or employee

23   of any attorney or counsel employed by the parties

24   hereto, or financially interested in the action.

25       I further certify that, before completion of the
```

```
 1   deposition, the Deponent __XX___, and/or the

 2   Plaintiff/Defendant __XX___, did ___XX__ did not ____

 3   request to review the transcript.

 4        In witness whereof, I have hereunto set my hand

 5   and affixed my seal this 9th day of December, A.D.,

 6   2015.

 7

 8                          _____
                            TERRI GARCIA, Texas CSR 6581
 9                          Expiration Date:  12/31/16
                            DepoTexas
10                          Firm Reg. No. 459
                            6500 Greenville Avenue, Suite 445
11                          Dallas, Texas  75206
                            (214) 373-4977
12

13
     Taxable Cost: $_____
14

15

16

17

18

19

20

21

22

23

24

25
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.:  4:15-cv-00338 |
| | § | |
| SETHI PETROLEUM, LLC and | § | |
| SAMEER P. SETHI, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF MATTHEW J. GULDE

I, Matthew J. Gulde, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. §1746, that the following is true and correct, and further that this declaration is made on my personal knowledge and that I am competent to testify as to the matters stated herein:

1.    I am a resident of Fort Worth, Texas.

2.    I am employed as Senior Trial Counsel for the Securities and Exchange Commission ("SEC") in its Fort Worth Regional Office.

3.    I have served as lead trial counsel for the SEC in the above captioned matter since the case was filed in May 2015.

4.    On March 23, 2016, I noticed the deposition of Sameer Sethi ("Sameer") for April 11, 2016.

5.    After indicating that he would assert his Fifth Amendment rights, and in lieu of sitting for a deposition, Sameer signed a declaration stating that he would assert his privilege against self-incrimination in response to any questions about himself and Sethi Petroleum.

6.     A true and correct copy of Sameer's April 7, 2016 declaration is attached hereto as

Exhibit A.


SIGNED this 14th day of September, 2016 at Fort Worth, Texas.


Matthew J. Gulde

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.: 4:15-cv-00338** |
| | § | |
| **SETHI PETROLEUM, LLC and** | § | |
| **SAMEER P. SETHI,** | § | |
| | § | |
| **Defendants.** | § | |

I, Sameer P. Sethi., hereby declare the following:

1.     The United States Securities and Exchange Commission has served upon me a notice in this matter requiring me to appear for testimony on April 11, 2016.

2.     I hereby confirm the assertion of my privilege against self-incrimination under the Fifth Amendment to the United States Constitution (the "Privilege") and decline to testify, and will continue to decline to testify, concerning the matters set forth in the Commission's Complaint in this case, including without limitation, testimony regarding the following topics:

      a.     Sameer P. Sethi's personal background including, but not limited to, questions concerning relatives, education, training, professional licenses, employment history, disciplinary history, regulatory history, criminal records, and any civil actions in which Sethi was or is a witness, defendant, or respondent;

      b.     Sethi's assets, including, but not limited to, questions concerning any bank, brokerage, trust or any other financial accounts, as well as any entities, domestic or foreign, in which Sethi holds a beneficial interest or over which Sethi exercises discretionary control;

*Fifth Amendment Declaration of Sameer P. Sethi*
*Page*

EXHIBIT A

c.      Any and all conduct related to Sethi Petroleum, LLC ("Sethi Petroleum"), or any of its control persons, officers, directors, managers, employees, consultants, independent contractors, shareholders, agents, or authorized representatives, including, but not limited to, Sethi Petroleum's (i) business operations and management, (ii) public statements, including press releases and filings with the Commission, (iii) marketing and sales of oil and gas interests, including any statements made to, materials provided to, and agreements made with current and prospective investors, (iv) raising and use of funds raised from oil and gas investors, including commingling of investors' assets; (v) involvement of investors in business decisions; (vi) performance in oil and gas investments, operations, and returns; and (vii) allocation and distribution of proceeds from oil and gas projects.

d.      Any and all receipt of funds, directly or indirectly by Sameer Sethi, any and all entities controlled by him or in which he has any financial interest, or are in any way related to him or Sethi Petroleum;

e.      Any and all expenditures of funds, directly or indirectly by Sameer Sethi, or any and all entities controlled by me or in which he has any financial interest;

f.      Any and all agreements, arrangements, or other relationships, whether contractual or otherwise, including those that relate to Sethi Petroleum, between (i) Sethi, Sethi Petroleum, or any entity in which Sethi or Sethi Petroleum have a financial or beneficial interest, and (ii) any other person or entity;

g.   Any effort by Sethi to raise money from investors in the oil and

gas industry;

h.   Any and all communications, understandings, or other dealings

related to Sethi Petroleum with any person or entity, including any investor or

potential investor.

3.   I reserve my right to rescind or withdraw this Declaration and waive my Privilege

at any time.

Executed on the ___7___ day of __April__, 2016.

_____
Sameer P. Sethi



APPROVED AS TO FORM:

_____
Anthony Green
6060 N. Central Expressway
Suite 500
Dallas, Texas 75206
*Attorney for Sameer P. Sethi*

ADRIANA AYDEE PENALOZA
Notary Public, State of Texas
My Commission Expires
April 05, 2017

*Fifth Amendment Declaration of Sameer P. Sethi*
*Page*

APP000807