# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § | Civil Action No. 4:15-CV-00338 Judge Mazzant |
| SETHI PETROLEUM, LLC, and SAMEER P. SETHI | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Non-Party John R. Weber's Motion for Relief (Dkt. #201). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

On May 14, 2015, the Court granted the Securities and Exchange Commission's ("SEC") emergency ex parte request and issued a temporary restraining order, asset freeze, and other injunctive relief against Sethi Petroleum, LLC ("Sethi Petroleum") and Sameer Sethi (Dkt. #11). The Court also appointed a receiver over Sethi Petroleum (Dkt. #12). On May 26, 2015, the Court issued an Agreed Order Granting Preliminary Injunction, Asset Freeze, and Other Relief (Dkt. #23).

On June 22, 2016, the SEC filed its Emergency Motion for Show Cause Hearing to Hold Defendant and Others in Contempt (Dkt. #138). On June 29, 2016, John Weber ("Weber") filed a response to the motion for show cause hearing (Dkt. #147). On July 1, 2016, the SEC filed a reply to Weber's response (Dkt. #149). The Court granted the SEC's motion and set a show cause hearing for August 1, 2016 (Dkt. #153). On August 1, 2016, the Court held a hearing and ordered the parties to provide further briefing on the issue of whether the interests that Cambrian

Resources LLC ("Cambrian") sold were, in fact, securities. On August 2, 2016, all parties filed briefs on the issue (Dkt. #161; Dkt. #163; Dkt. #164; Dkt. #165).

On August 9, 2016, the Court issued a Memorandum Opinion and Order (the "Order") and found that "the SEC established by clear and convincing evidence that Sameer Sethi, Praveen Sethi, and John Weber each were aware of the Preliminary Injunction and nevertheless violated the terms of the Preliminary Injunction by directly or indirectly engaging in the offer, issuance, or sale of securities through Cambrian Resources LLC" (Dkt. #169 at pp. 29–30).

Prior to the show cause hearing, Weber interviewed former Cambrian employee Ontario Rowe ("Rowe") about his communications with Cambrian investors. Weber specifically asked Rowe about all of his conversations with Beverlyn Jorman ("Jorman"). Rowe told Weber about several telephone conversations, but did not mention any email communications. Based on Rowe's statements, Weber believed that the telephone conversations were the full extent of Rowe's communications with Jorman.

Immediately after the show cause hearing, Rowe informed Sameer Sethi that Jorman emailed Rowe several times. Sameer later informed Weber of the emails and Weber immediately began trying to gain access to them. Julissa Martinez accessed Rowe's email account on August 29, 2016, and found the emails between Rowe and Jorman.

On October 10, 2016, Weber filed a Motion for Relief asking the Court to reconsider the Order under Federal Rule of Civil Procedure 60(b)(2) (Dkt. #201). On October 7, 2016, the SEC filed its response (Dkt. #210). On October 12, 2016, Weber filed a reply (Dkt. #212).

**LEGAL STANDARD**

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21,

2

2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see also Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Weber filed his motion almost two months after the Court's Order. Therefore it will be treated as a Rule 60(b) motion.

Rule 60(b)(2) provides that a court may relieve a party from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b). To succeed on a motion for relief from judgment based on newly discovered evidence, the Fifth Circuit requires a movant to demonstrate: (1) that the movant exercised diligence in obtaining the information; and (2) the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). The newly discovered evidence must be in existence at the time of trial and not be discovered until after trial. *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992) (citing *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975)). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling*, 396 F.3d at 640.

**ANALYSIS**

John Weber seeks relief from the Court's August 9, 2016, order holding him in contempt. Weber argues that newly discovered emails between Rowe and Jorman show that the Cambrian interests were not securities (Dkt. #201 at p. 3). Weber argues that if the Court considered these emails at the time of the Order, the Court would not have concluded that the Cambrian interests were securities. The Court disagrees.

Weber repeats several arguments on how the Court should interpret testimony from Cambrian employees and its bearing on the *Williamson* factors (Dkt. #201 at p. 6). A motion to reconsider is not an opportunity to rehash prior arguments. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Therefore, the Court will only consider Weber's arguments in relation to the newly discovered evidence.

Assuming the emails are newly discovered, Weber does not meet his burden to show that they would clearly have produced a different result.[1]

First, the Order does not rely solely on Jorman (*See* Dkt. #169). Thus, even if the Court accepts all of Weber's arguments in consideration of the Order, the result would not change.

Additionally, the new emails do not change the overwhelming evidence in support of the Order. Prior to issuing the Order, the Court conducted an eight-hour show cause hearing with nine witnesses, including Rowe, Jorman, and Weber. Rowe was questioned regarding and Jorman were questioned regarding Cambrian's sales pitch. Jorman was questioned regarding her

---

[1] Weber argues that the emails are newly discovered because prior to the show cause hearing, Weber had an "in-depth conversation" with Rowe where he asked Rowe to tell him "about all communications that he had with Ms. Jorman" (Dkt. #208, Exhibit 8). Rowe responded by describing several phone conversations with Jorman. Weber relied on Rowe's statements that the information was the full extent of communications with Jorman (Dkt. #201, Exhibit 8). Without a transcript of the "in-depth conversation," it is not clear whether Weber exercised diligence in seeking these emails before the hearing. However, the Court need not decide whether Weber exercised diligence because he has not met his burden otherwise.

4

experience, her decision to invest, and her understanding of her role in Cambrian. The Court judged the credibility of the witnesses and considered 136 pages of written exhibits. Weber's newly discovered emails not only fail to refute the decision of the Court, but actually reinforce its judgment.

Weber provides no evidence refuting either the Court's findings that Cambrian was the "sole source of information regarding the underlying venture" or Jorman's testimony that Cambrian refused to provide her with information about the other investors. Therefore, there is no new evidence calling into doubt the Court's analysis of the first *Williamson* factor; thus the Motion should be denied.

Further, Weber has failed to refute the second and third *Williamson* factors. At the show cause hearing, Jorman testified that she had no experience in the oil and gas industry, would not know how to hire an expert in the industry, and did not understand the book that Cambrian suggested for her to read. Although Weber frames Jorman's emails as "ongoing efforts to educate herself," it is clear from Jorman's testimony that she was not capable of self-education or of finding competent advice (*See* Dkt. #169 at p. 28 n.14) The emails do not change this assessment (*e.g.* Dkt. #201, Exhibit F ("Is [this course] information I can use or is it a waste of my time?")). As a result of Jorman's naiveté, she relied solely on Cambrian's knowledge in making her decisions. Based on the foregoing, Weber has failed to show that these emails would have produced a different result as to any of the *Williamson* factors. Jorman's emails reinforce the Court's findings that Cambrian's investors were incapable of intelligently exercising powers and were therefore dependent on Cambrian to manage the investment.

## CONCLUSION

It is therefore **ORDERED** that Non-Party John R. Weber's Motion for Relief (Dkt. #201) is hereby **DENIED**.

**SIGNED this 10th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE