# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § v. § § SETHI PETROLEUM LLC and SAMEER P. § SETHI § § | Civil Action No. 4:15-CV-00338 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Security and Exchange Commission's ("SEC") Statement of Costs Incurred as a Result of Contempt (Dkt. #216). After reviewing the application, the Court finds that the application should be granted.

## BACKGROUND

On August 9, 2016, the Court entered an order holding Sameer P. Sethi ("Sameer"), Praveen Sethi ("Praveen"), and John Weber ("Weber") (collectively, "Contemnors") in contempt of its Agreed Order Granting Preliminary Injunction, Asset Freeze, and Other Relief (Dkt. #169). The Court ordered Sameer, Praveen, and Weber to pay the SEC's costs incurred in the contempt proceeding, upon approval of the SEC's statement of costs (Dkt. #169 at p. 30).

On October 13, 2016, the SEC filed this application seeking costs incurred (Dkt. #216). Contemnors have been given an opportunity to respond, but have not done so.

## LEGAL STANDARD

"An award of attorneys' fees and costs to the prevailing party in a civil contempt action is determined according to the 'lodestar method.'" *SEC v. AmeriFirst Funding, Inc.*, Civil Action No. 3:07-CV-1188-D, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008) (quoting *Microsoft Corp. v. United Comput. Res. of N.J., Inc.*, 216 F. Supp. 2d 383, 387 (D.N.J. 2002)). The

computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the lodestar analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, the Court must consider whether the lodestar amount should be adjusted upward or downward depending on the circumstances of the case and after addressing the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id*.

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson*, 488 F.2d at 717–19).

The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court has discretion in determining whether to adjust the lodestar upward or downward based on its analysis of the *Johnson* factors. *Riley*, 99 F.3d at 760. "Many of [the *Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted" in determining whether to adjust the lodestar. *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The lodestar is presumptively reasonable, and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee applicant who seeks more

than the lodestar amount has the burden of showing that "such an adjustment is necessary to the determination of a reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984) (emphasis added)).

## ANALYSIS

In the present case, the SEC requests a total amount of $33,160 in attorneys' fees and costs (Dkt. #216 at p. 7).

The SEC seeks reimbursement for 68 hours of attorney work. The SEC attorneys do not keep contemporaneous time records. However, the Fifth Circuit has rejected the requirement that attorneys present contemporaneous time records of their work in order to recover attorney's fees. *See Dennis v. Warren*, 779 F.2d 245, 249 (5th Cir. 1985). Moreover, the "[g]overnment attorneys . . . are not normally expected to record their hours, as they do not normally litigate in fee-generating situations." *EEOC v. Local 638 & Local 28 of the Sheet Metal Workers' Int'l Ass'n*, No. 71 Civ. 2877 (RLC), 1991 WL 278917, at *2 (S.D.N.Y. Dec. 18, 1991). The Court finds that the SEC's application, supported by time estimates, is sufficient to establish the amount of hours reasonably expended on the contempt proceedings.

The SEC's request is based on an hourly rate of $450 per hour, which is the SEC's conservative estimate of what a comparable hourly rate for similar work. The SEC's lawyers do not have a regular billing rate. However, attorneys in similar matters and markets have been awarded similar amounts. *See Billitteri v. Sec. Am., Inc.*, No. 3:11-cv-00191-F, 2011 U.S. Dist. LEXIS 93907, at *42 (N.D. Tex. Aug. 4, 2011); *Scheiner v. i2 Techs., Inc.*, Civil No. 3:01-CV-418-H, 2004 U.S. Dist. LEXIS 28979, at *22 (N.D. Tex. Oct. 1, 2004). The Court agrees with the SEC and finds that $450 per hour is a conservative estimate of the cost of legal services in the market.

Multiplying the reasonable amount of hours by the reasonable fee in the market, the Court finds the lodestar amount to be $30,600. There is a strong presumption that the lodestar amount is the reasonable fee. *Watkins*, 7 F.3d at 457. The lodestar should only be adjusted when necessary to make the fee reasonable. *City of Burlington*, 505 U.S. at 562. The SEC does not seek enhancement in order to make the fee reasonable. Additionally, the Court, after analyzing the *Johnson* factors, finds that enhancement is not appropriate in this case.

Finally, the SEC requests $760 for administrative staff expenses and $1,800 for witness-related expenses. In a contempt case, the court is authorized to award other expenses incurred in proving the contempt. *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *5–6. The Court finds that these costs are reasonable and necessary to prove the contempt and therefore should be awarded to the SEC.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Statement of Costs Incurred as a Result of Contempt (Dkt. #216) is hereby **GRANTED** and Contemnors Sameer Sethi, Praveen Sethi, and John Weber are ordered to pay the SEC, jointly and severally, $33,160 as costs incurred in bringing the contempt motion.

**SIGNED this 19th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE