# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>v.<br><br>SETHI PETROLEUM, LLC and SAMEER P. SETHI | §<br>§<br>§  Civil Action No. 4:15-CV-00338<br>§  Judge Mazzant<br>§<br>§<br>§ |
| MARCUS A. HELT, RECEIVER FOR SETHI PETROLEUM, LLC<br><br>v.<br><br>SAMBINA PROPERTIES, LTD, SAMBINA BROOKVIEW CENTER, LTD, SAMBINA HOMES, LTD, and SAMBINA TRUST | §<br>§<br>§<br>§  Civil Action No. 4:15-CV-00760<br>§  Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Intervenor American National Bank of Texas's Motion to Disburse Additional Funds Per a Settlement (Sethi Dkt. #237; Sambina Dkt. #56). After considering the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

American National Bank of Texas ("American National") is seeking to interplead funds into the registry of the Court because American National is caught between conflicting claims to funds held by it. American National has been holding nine accounts for Praveen Sethi; Shahnaz Sethi; Sambina Properties, Ltd.; Sambina Brookview Center, Ltd.; Sambina Homes, Ltd.; Shana Investments, Inc.; PSSB Investments, Inc.; Sambina Trust; Galaxie Properties, Inc.; and Sethi Tax & Wealth Management, Inc. ("Interpleader Defendants").

On December 29, 2015, American National filed a Motion to Intervene seeking to intervene in the above styled cases and to interplead certain funds into the registry of the Court (Sethi Dkt. #90; Sambina Dkt. #19). American National attached to its motion a Complaint in Intervention and for Interpleader ("Interpleader Complaint") seeking to interplead under Federal Rule of Civil Procedure 22. On January 20, 2016, the Court granted American National's Motion to Intervene in the Sethi litigation and considered the Interpleader Complaint as filed in the papers of the case (Dkt. #107). On February 18, 2016, the Court granted American National's Motion to Intervene in the Sambina litigation (Dkt. #25).

On May 4, 2016, American National filed a Motion to Allow Interpleader seeking to deposit the funds held in this matter into the registry of the court, minus attorney's fees, and to be discharged of liability (Sethi Dkt. #131; Sambina Dkt. #32). The Court ruled on the motion in separate orders. On June 8, 2016, the Court granted the Motion to Allow Interpleader, allowing American National to deposit the funds into the registry of the Court, minus $8,584.87 in fees; discharging American National from further liability regarding the accounts; and dismissing American National with prejudice from this lawsuit ("Interpleader Order") (Sethi Dkt. #134; Sambina Dkt. #35). That same day, the Court addressed the fee amount and awarded $8,584.87 in fees and costs ("Fee Order") (Sethi Dkt. #135; Sambina Dkt. #36). On June 27, 2016, American National deposited the funds into the registry of the Court, minus its fees (Sethi Dkt. #143, Exhibit A; Sambina Dkt. #38). Until that time, American National believed that Interpleader Defendants would appear, making the Interpleader Order binding on those parties. However, Interpleader Defendants did not make an appearance. On June 27, 2016, American National filed a motion to reconsider the Interpleader Order due to its concern that the Interpleader Defendants "may take the position that they have not made an appearance, and they

2

could potentially argue that the Interpleader Order may not be binding on them" (Sethi Dkt. #141 at p. 2; Sambina Dkt. #37 at p. 2). The Court granted American National's motion and vacated its Interpleader Order (Sethi Dkt. #177; Sambina Dkt. #43). At this time, the funds remain in the registry of the Court and American National has retained its fee award.

Since the motion to vacate, American National purportedly reached a settlement with Interpleader Defendants. On July 28, 2016, counsel for American National emailed the Court's judicial assistant about a purported settlement regarding fees and allowing interpleader. That same day, the Interpleader Defendants' attorney confirmed that they had reached an agreement as to fees, but did not mention allowing interpleader or releasing American National from liability. American National then sought to determine whether the Receiver was opposed or unopposed to the settlement. Ultimately, the Receiver indicated that he may or may not be opposed.

While American National was seeking the Receiver's approval, the Interpleader Defendants retained new counsel. The new attorneys informed American National that the Interpleader Defendants no longer agreed to the settlement and that they never agreed to release American National from liability.

On January 12, 2017, American National filed this motion seeking to enforce the settlement or enter a new order allowing interpleader and award additional fees, up to $18,042.87 (Sethi Dkt. #237; Sambina Dkt. #56). On January 26, 2017, the Receiver filed a response (Sethi Dkt. #242; Sambina Dkt. #59). On February 10, 2017, the Interpleader Defendants filed a response objecting to any additional fees and any future release from liability, but making an appearance without objection (Sethi Dkt. #247; Sambina Dkt. #63). On February 16, 2017, American National filed a reply (Sethi Dkt. #251; Sambina Dkt. #64).

## LEGAL STANDARD

### Settlement

A federal court has authority to enforce an agreement to settle litigation before it. *In re Omni Video, Inc.*, 60 F.3d 230, 232 (5th Cir. 1999). In cases based on federal law, the Fifth Circuit applies state law to the enforcement of settlement agreements unless there is a "strong federal interest" favoring federal law. *Id.*; *see also Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (applying federal law for Title VII claims). Neither party argues that an action in interpleader implicates a "strong federal interest." Thus, Texas law applies.

Under Texas law, "a settlement agreement must comply with Rule 11 [of the Texas Rules of Civil Procedure] to be enforceable." *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995). Rule 11 states "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. To satisfy the writing requirement, "there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Padilla*, 907 S.W.2d at 462 (quoting *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978)).

### Interpleader

A party may interplead funds into the registry of the court when two requirements are met: (1) there is a single fund; and (2) two or more adverse claimants claim or may claim rights in the funds. Fed. R. Civ. P. 22. The court may discharge the stakeholder from further liability if the stakeholder is disinterested in the funds. *Tittle v. Enron Corp.*, 463 F.3d 410, 424 (5th Cir.

2006). A disinterested stakeholder thus remains neutral as to the allocation of funds and leaves litigation up to the claimants to decide. *Id.*

### Attorneys' Fees

A district court has the authority to award reasonable attorneys' fees in interpleader actions. *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999). The award of attorneys' fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants. *Id.* at 603. One commentator stated that:

> Because of the discretionary character of the court's power, and because its exercise depletes the fund, costs and fees will not be allowed as a matter of course. Typically, they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that he has admitted liability, had deposited the fund in court, and has asked to be relieved of any further liability.

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2007). An attorneys' fees award in interpleader actions will typically be modest. *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 207 (E.D. Tex. 1999). Five factors have been identified for consideration: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *Id.*; *see also Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009).

### **ANALYSIS**

The purported settlement had three material terms: (1) American National will be allowed to interplead the funds; (2) American National will be discharged from further liability in these suits; and (3) American National will be paid a total of $16,000 in attorneys' fees (Sethi Dkt.

5

#237, Exhibit B-1; Sambina Dkt. #56, Exhibit B-1). The Court finds that the parties did not reach a settlement. However, after analyzing the merits of each claim, the Court finds that American National is entitled to the first two terms, but it is not entitled to the full amount of attorneys' fees requested.

### Settlement

The parties did not reach a settlement. The Court appointed the Receiver to "collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of . . . or assets traceable to assets owned or controlled by the Receivership Estate" (Sethi Dkt. #12 at ¶ 8(b)). And to "perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent irreparable loss, damage, and injury to the Estate (Sethi Dkt. #12 at ¶ 8(g)). The interpleaded funds were traceable to assets owned or controlled by the Receivership Estate. American National interpleaded the funds into the registry of the Court, therefore giving control to the Receiver. As such, the Receiver was a necessary party to any settlement that would distribute the funds traceable to the Receivership Estate. American National and the Interpleader Defendants purportedly reached an agreement to three material terms. The Receiver did not indicate his position until his response to this motion, when he indicated that he is opposed to any additional fees greater than $2,000.

It is well-settled that an acceptance must not make a material variation to the offer. *United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360, 363–64 (Tex. 1968). In determining whether a change is material, a court must analyze the term in light of the circumstances of the contract. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 514 (Tex. 2014). A court's primary concern is to ascertain the intent of the parties as expressed in the contract. *Id.* (citations omitted).

Here, the amount of fees is a material term of the purported settlement. American National has advocated for additional fees in its motion to vacate, the purported settlement, and now in this present motion. Further, fees were the only term that Interpleader Defendants even referenced in their email to the Court. This evidence suggests that fees are a material term to the settlement. The Receiver's qualification that the additional funds not exceed $2,000 is a material change to that term because it eliminates nearly two-thirds of additional fees sought by American National. Without the Receiver's agreement, there is no settlement. Therefore, the Court must analyze American National's requested relief on its merits.

### Interpleader

The Court finds that American National should be allowed to interplead the funds in the Interpleader Defendants' accounts because American is caught between competing claims to the funds. American National has already deposited the subject amounts into the registry of the Court and closed the accounts, therefore no further action is needed at this time. The Court also finds that American National is a disinterested stakeholder with regard to the accounts and should be discharged of further liability regarding the accounts or funds in this dispute.

### Attorneys' Fees

American National argues that it should be awarded additional fees because of the additional effort it expended to get the Interpleader Defendants to make appearances and agree to the purported settlement. It asks the Court to either (a) enforce the settlement or (b) enter a new order allowing interpleader and award additional fees, up to $18,042.87.[1] The Interpleader Defendants argue that American National is not entitled to any fees because American National

---

[1] American National asks the Court to award it "the additional amount per Doc. Nos. 37 and 141, or at a minimum, award it the additional amount per the agreement" (Sethi Dkt. #237 at p. 5; Sambina Dkt. #56 at p. 5). Docket No. 141 included additional evidence addressing the Court's concerns in the Interpleader Order and thus requested the Court to grant the full $18,042.87 in fees. The agreement was for $16,000 in costs and fees.

7

acted wrongfully in withholding the funds. The Receiver—and Interpleader Defendants alternatively—object to new costs and fees to the extent that they exceed $2,000 because any additional fees greater than $2,000 would be unreasonable in relation to the time spent preparing to interplead and to the amount of funds interpleaded.

The Interpleader Defendants' argument that American National is not entitled to any fees is without merit. The Court's Interpleader Order allowed interpleader and released American National from further liability. No new facts have arisen since that order and therefore the Court has reaffirmed its holding. American National should be released from further liability with regard to these funds. However, this holding does not preclude Interpleader Defendants from asserting a cause of action for actions taken by American National before this interpleader.

As a disinterested stakeholder, American National is entitled to attorneys' fees. Application of the factors regarding attorneys' fees does not involve a complicated analysis: This was a simple case. The stakeholder performed no unique services for the claimants. The stakeholder acted in good faith and with diligence once there was litigation. The attorney's services benefitted the stakeholder. The only complication involved American National's motion to vacate and difficulty in filing the proposed agreed order. In its motion, American National notes that this jurisdictional issue is still a problem. However, in its reply, American National refers the Court to Interpleader Defendants' response, where Interpleader Defendants make it clear that they are making an appearance.

The Court finds that additional fees would not be reasonable. The Court has already awarded $8,584.87 in fees and costs for this matter, or approximately 10.2% of the funds originally available for interpleader. American National asked the Court to vacate its Interpleader Order because American National was concerned about Interpleader Defendants making

appearances. While Interpleader Defendants have been difficult since the Court vacated its prior order, they made an appearance without objection in their response to this motion. Therefore, American National could have obtained the necessary appearances without compromising its position or expending additional effort.

Further, American National has not provided any evidence of the new fee amounts. Rather, American National refers the Court to its prior motion in an effort for the Court to reconsider a different fee issue. Any award made by looking at reasonable fees for a prior motion would be an arbitrary determination by the Court. The Court declines to make such a decision, especially when the award will come from a limited fund and decrease the amount available to reimburse defrauded investors. As a result, the Court finds that American National should not be awarded any additional fees or costs.

## CONCLUSION

It is therefore **ORDERED** Intervenor American National Bank of Texas's Motion to Disburse Additional Funds Per a Settlement (Sethi Dkt. #237; Sambina Dkt. #56) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that the Court's previous Order Granting Motion to Approve Interpleader (Sethi Dkt. #134; Sambina Dkt. #35) is hereby reinstated. It is further **ORDERED** that American National is hereby discharged from further liability regarding the accounts and is **DISMISSED** with prejudice from the above styled cases.

The remaining parties are now free to make claims to the funds that have been interpleaded into the registry of the Court. This Order does not affect any other accounts the parties may have with American National and nothing in this Order would prevent the Interpleader Defendants from doing future banking activity or transactions as allowed under

applicable law, such as opening new accounts or doing other transactions pursuant to currently opened unrelated accounts.

The remaining issues in the proceedings remain pending but American National's involvement in the proceedings is now concluded and American National is fully and completely discharged from liability regarding the accounts and disputed funds, and American National is dismissed with prejudice from the above styled cases.

**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE