IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § | Case No.: 4-15-cv-00338-ALM |
| § | |
| SETHI PETROLEUM, LLC and SAMEER P. SETHI, § § § § | |
| Defendants. § | |

### DEFENDANT SAMEER SETHI'S REPLY IN SUPPORT OF HIS MOTION TO AMEND FINDINGS

Defendant Sameer Sethi respectfully submits this Reply in Support of His Motion to Amend Findings, pursuant to FED. R. CIV. P. 52.

**I.  Caselaw Supports Granting This Motion**

The intention of FED. R. CIV. P. 52 is to make applicable prevailing equity practice and allow a court to set aside findings of fact in actions tried without a jury when those findings are clearly erroneous. *U. S. v. U. S. Gypsum Co.*, 333 U.S. 364 (1948). While extraordinary, motions to amend or reconsider must merely demonstrate some reason why a court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature. *Dale and Selby Superette & Deli v. U.S. Dept. of Agriculture*, 838 F. Supp. 1346 (D. Minn. 1993). Recognized grounds for motions to alter or amend findings include that a trial court has made a manifest error of fact or of law. *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116 (D. Kan. 1990). A Rule 52 motion is intended to "correct findings of fact which are central to the ultimate

decision." *Adams v. James*, 526 F.Supp. 80, 86 (D.C. Ala. 1981). Such a correction is requested by Defendant.

Here, Defendant humbly submits that the Court erred in not recognizing that the companies with which he did business were indeed major oil and gas companies. Plaintiff makes much of Defendant's cold call script, but it was accurate to state and to even emphasize in all caps that Sethi Petroleum was "partnered directly with a couple of HUGE, PUBLICLY traded companies like Conoco Phillips…" (Pl's App. at 480, emphasis in original). The four companies (Hess Corp., Oxy USA Inc., Crescent Point Energy U.S. Corp., and Slawson Exploration Co. ) noted in Defendant's motion are indeed huge and three of them are publicly traded. Plaintiff does not dispute the nature of these companies. What Plaintiff does seem to dispute is the nature of the relationships, discussed below.

## II. Plaintiff's Response Avoids Admitting that Defendant Had a Significant Relationship with Hess Corporation

Rather than respond to the facts, Plaintiffs Response in Opposition to Defendant's Motion to Amend Findings ("Response") (Dkt. 263) argues that Defendant waived disputing Plaintiff's claims at the summary judgment stage, and alternatively, if waiver does not apply, that Defendant's argument is self-contradictory. These arguments fail to understand the nature and purpose of motions to amend as described above, and they do not reach the ultimate issue of fact upon which this Motion turns.

Upon close examination, the substance of Plaintiff's response can be found in only a few sentences; e.g., "[a]t best, Sethi now claims to have had an indirect relationship with major oil companies" (Dkt. 263 at 2) and "[i]t is undisputed that Sethi and Sethi Petroleum had no actual direct business relationship with any such company" (Dkt. 263 at 4). However, Defendants' business relationships are the precise matter in dispute. Without provided a single fact in

opposition, Plaintiff correctly notes the two main issues: 1) the extent of Defendant's relationships and 2) the time of those relationships.

The central facts at issue—one which if recognized by this Court would necessitate an amended finding in the Summary Judgment Opinion, Dkt. 238—is that Defendant followed through on his claim that the NDDF's wells would be operated by publicly traded and/or major oil and gas companies. As Defendant's motion shows, not only was the forward-looking statement credible (as opposed to fraudulent), it was something that occurred at first opportunity.

To greater judge the credibility of this statement at the time it was made, it is helpful to consider Defendant's relationship with Hess Corporation in former projects. The NDDF Private Placement Memorandum, under the heading Prior Activities [of Sethi Petroleum], states "[t]he Bakken Dragon 1-12 Joint Venture raised approximately $1,991,500…Per [Sethi Petroleum's] geologic evaluation it was later determined that all funds raised would be applied to one well drilled by Hess Corporation… The well was drilled… and it currently commercially producing." (NDDF Private Placement Memorandum at Pl.'s App 43.) No matter the SEC's internal definitions, surely drilling a well with Hess Corporation, a global oil company worth over 14 billion dollars, constitutes a significant *direct* relationship, akin to a partnership if not, in fact, a partnership. In addition to this direct relationship, Defendant owned 25 wells operated by Hess Corporation (Dkt. 61 at 14), according to the Receiver. It was reasonable to state that Sethi Petroleum planned to use similar operators for the NDDF's wells. Even more, it would have been reasonable to state that the NDDF may have also formed drilling partnerships with major operators, as Sethi Petroleum had with Hess Corp.

If Plaintiff's argument that only Irish Oil and Gas had a direct relationship with the operators is to be accepted, then reason demands also holding that Sethi Petroleum had a direct

relationship with Hess Corp. To more accurately rephrase the SEC's odd analogy of flying coach, Sethi Petroleum was Hess Corporation's co-pilot. Defendant's claims of being directly partnered with a major oil and gas company is not a claim, it is a fact. Defendant and Hess Corporation were working together prior to the time the NDDF was formed; thus, Defendant's statement was factually based rather than a potential partnership. Plaintiff does not—and cannot—dispute this.

### III. Plaintiff's Characterization of Defendant's Argument Misunderstands the Scope of Plaintiff's Allegation at Summary Judgment

The section of Defendant's Response to Summary Judgment dealing with these issues (Dkt. 211 at 12) is far more limited in scope that Plaintiff would admit. To be sure, Plaintiff's specific allegation found in its Motion for Summary Judgment is also far more limited in scope that they would care to admit: "Sethi's Offering Documents claimed that NDDF's wells *would be* 'operated by publicly traded and/or major oil and gas companies' such as Continental Resources, Exxon Mobile, Hess Corporation, and ConocoPhillips" (Dkt. 195 at 15, emphasis added). Given how narrowly Plaintiff circumscribed its claim at summary judgment, Plaintiff's current response that "Sethi argued not that he had major company relationships, but that his forward statements merely predicted his good-faith intentions to cultivate such relationships" (Dkt. 263 at 2, citing Dkt. 211 at 12) is misplaced. Defendant had no obligation to argue that he *currently* had major company relationships (although he did) because Plaintiff's only allegation was that Defendant was false in claiming that the NDDF's wells *would be* operated by publicly traded and/or major oil and gas companies. As Defendant's Motion to Amend shows, not only was the NDDF's forward-looking claim made in good faith, but it was something that actually occurred: the wells were operated by the type of operators that the NDDF claimed would operate them. Plaintiff's

mischaracterization of Defendant's arguments as a waiver or being self-contradictory is a lazy attempt to avoid admitting the truth of the facts Defendant brings before the Court.

### IV. Plaintiff's Request to Amend the Judgment to Include Findings Already Rejected by This Court Should be Denied

Portions of Plaintiff's Response include mentions of allegations which this Court denied to find at Summary Judgment. These denied allegations have no bearing on this motion. Further, Plaintiff requests that, if the Court grants Defendant's Motion to Amend, the Court also amend its findings to include the previously denied allegations This request is without merit, as it does not offer any basis on which to be granted. All of these extraneous allegations were denied at Summary Judgment, and ought to not be considered here.

### CONCLUSION

Defendant respectfully requests the Court grant his Motion to Amend Findings, amend the Summary Judgment Order accordingly, and grant any other equitable relief this Court sees fit.

Respectfully submitted,

*/s/ Adam J. Holcomb*
Adam J. Holcomb
Texas Bar No. 24097841
P.O. Box 830284
Richardson, Texas 75083
Phone: (405) 696-7779
Fax: (214) 380-9406
adam.j.holcomb@lawyer.com
ATTORNEY FOR SAMEER SETHI

## **CERTIFICATE OF SERVICE**

On April 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel who have registered with the Court.

*/s/ Adam J. Holcomb*
Adam J. Holcomb
